**Walter J. JACOBSEN,**
**Plaintiff,**

v.

**The WOODMOOR CORPORATION**
**et al., Defendants.**

**No. 74 CV 615-W-1.**

United States District Court,
W. D. Missouri, W. D.

Sept. 25, 1975.

James R. Wyrsch, Kansas City, Mo., for plaintiff.

Harlin H. Hoben, Trustee, Denver, Colo., Lawrence A. Rouse, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for Westinghouse Credit Corp.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case presents a question of statutory construction of a relatively new federal statute. On October 25, 1974 plaintiff filed this action under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq., predicating jurisdiction on 15 U.S.C. § 1719, which provides for concurrent jurisdiction in

1

Federal and State courts for any action enforcing a liability created by the Act.[1] Plaintiff, a resident of Missouri, alleges that on or about October 29, 1971, he entered into a sales agreement with defendant Woodmoor Corporation, a Colorado corporation, for the purchase of a parcel of land in Colorado. Pursuant to that contract, defendant Woodmoor Corporation allegedly delivered a warranty deed to plaintiff on or about December 16, 1971. Plaintiff further alleges that the Interstate Land Sales Full Disclosure Act is applicable to this sale and that defendant failed to comply with the requirements of the Act in that it sold the property without filing a statement of record with the Secretary of Housing and Urban Development, 15 U.S.C. § 1704, and without furnishing plaintiff a property report, 15 U.S.C. § 1707.

On December 20, 1974 defendant Westinghouse Credit Corporation, a Delaware corporation, allegedly the assignee of the deed of trust executed by plaintiff, filed an answer to the complaint and asserted a cross-claim against defendant Woodmoor Corporation. In its answer Westinghouse denied that the property was sold in violation of the Act, and interposed the defense, *inter alia,* that the plaintiff's claim was barred by the statute of limitations contained in the Act, 15 U.S.C. § 1711. Thereafter, Westinghouse filed a motion to dismiss the complaint under Rule 12(b)(6), Fed.R. Civ.P. Since a motion to dismiss for failure to state a claim under Rule 12(b) (6) should be made before the service of a responsive pleading, we shall treat defendant's motion as one for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2). No matters outside the pleadings need be considered in deciding this motion.

Defendant Westinghouse Credit Corporation contends that the time limitation contained in the Act bars this action because it was commenced more than two years after the sale. 15 U.S.C. § 1711. In order to determine whether the defendant's position is correct, we must analyze the claim asserted by plaintiff. Plaintiff's cause of action is based on the alleged failure of defendant Woodmoor to file a statement of record or provide plaintiff with a property report. Section 1703 provides as follows:

\* \* \* \* \* \*

(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser; and

\* \* \* \* \* \*

(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser. . . . [15 U.S.C. § 1703 (Supp.1975)]

Plaintiff seeks to utilize Section 1703(b) to rescind the contract in question here and have defendant return the amount paid under the contract.

The remedy for a violation of Section 1703 is contained in Section 1709(b).

---

1. Section 1719 provides in relevant part that: The district courts of the United States, the United States courts of any territory, and the United States District Court for the District of Columbia shall have jurisdiction of offenses and violations under this chapter and under the rules and regulations prescribed by the Secretary pursuant thereto, and concurrent with State courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter.

That section provides in relevant part as follows:

Any developer or agent, who sells or leases a lot in a subdivision—

(1) in violation of section 1703 of this title, or

(2) by means of a property report which contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein, may be sued by the purchaser of such lot.

[15 U.S.C. § 1709(b)]

Finally, the time limitation provision of the Act reads as follows:

No action shall be maintained to enforce any liability created under section 1709(a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, *if the action is to enforce a liability created under section 1709(b)(1) of this title, unless brought within two years after the violation upon which it is based.* In no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser. [15 U.S.C. § 1711] [Emphasis added]

In essence then, defendant claims that plaintiff is asserting a right created by Section 1703(b). Defendant argues that Section 1709(b)(1) creates a remedy for enforcing that right, and that, under Section 1711, the plaintiff's action is barred because it was not brought within two years of the violation, i. e., the sale.

Plaintiff argues, *inter alia*, that this action is not one to "enforce a liability created under Section 1709(b)(1) but rather a declaratory judgment action to have the contract in question declared void and the amount paid by plaintiff pursuant to that contract returned to him." Plaintiff contends that this Court should apply either the applicable Colorado statute of limitations (three years, according to plaintiff) or the general three year limitation in Section 1711. Obviously, the action was timely filed if the three year period applies.

The question presented is whether the two year limitation in Section 1711 is applicable to the cause of action alleged by plaintiff to enforce rights created under Section 1703. The same question was presented under similar factual circumstances in *Hall v. Bryce's Mountain Resort, Inc.*, 379 F.Supp. 165 (W.D.Va. 1974)[2] In that case the purchaser sought to void a land transaction in reliance upon Section 1703(b) and recover the amount expended pursuant thereto. The action was brought by plaintiff more than two years after the transaction. Plaintiffs argued, however, that the two year limitation contained in Section 1711 was not applicable to their action. The argument presented by the plaintiffs in *Hall* is strikingly similar to plaintiff's contention in this case:

The position taken by the Secretary on behalf of the plaintiffs is that the right to void a contract contained in section 1703(b) is in itself a remedy separate and distinct from the remedy of suing for damages set forth in section 1709; and the two-year limitation in section 1711 does not apply to the voidability option in section 1703. In other words, although the statute of limitations in section 1711 refers specifically to section 1709(b)(1) which in turn refers specifically to section 1703, this reference has application to a remedy for damages for violation of section 1703(a) and not to the voidability option of section 1703 (b). [Id at 167–68]

The Court in *Hall* disagreed with the plaintiff's construction of the Act and

---

**2.** *Hall* was apparently a case of first impression under the Interstate Land Sales Full Disclosure Act. The Secretary of Housing and Urban Development submitted a brief in opposition to defendant's motion to dismiss, and the plaintiffs adopted the arguments contained in that brief. 374 F.Supp. at 166.

found that the action was barred by the two year limitation:

> Section 1703(b) provides a purchaser with the right of voiding a contract when a property report is not furnished, but the remedy for the enforcement of that right is found in section 1709. Without qualification, section 1709(b)(2) states that a developer "may be sued by the purchaser" for a violation of section 1703; and section 1711 in turn provides for a two-year statute of limitations "to enforce a liability created under section 1709(b)(1)." The use of the term "sued" in section 1709(b)(1) would clearly include suits to void the contract. [Id at 169]

Plaintiff in this case also urges that his action is not one under Section 1709 because he does not seek the damage remedy provided in that section. Therefore, the limitation on an action under § 1709(b)(1) should not apply. Section 1709(c) provides a measure of damages as follows:

> The suit authorized under subsection (a) or (b) of this section may be to recover such damages as shall represent the difference between the amount paid for the lot and the reasonable cost of any improvements thereto, and the lesser of (1) the value thereof as of the time such suit was brought, or (2) the price at which such lot shall have been disposed of in a bona fide market transaction before suit, or (3) the price at which such lot shall have been disposed of after suit in a bona fide market transaction but before judgment. [15 U.S.C. § 1709(c)]

The Court in *Hall* rejected plaintiffs' argument because the statute's use of the term "may" indicated that the damage remedy created was not to be considered as an exclusive remedy. Furthermore, it is apparent that actions for rescission like the one involved are at least implicitly recognized in Section 1709 since subsection (a) of that section provides for suits "at law or *in equity* . . . ." Id at 169. [Emphasis added]

Plaintiff's argument, as the *Hall* court recognized, would, if accepted, mean that the right of voiding a contract under Section 1703(b) could be enforced without resorting to the remedy provision of Section 1709. We cannot impute to Congress an intent to make some rights under the Act enforceable under the remedy provision of Section 1709 and other rights enforceable without any remedy provision whatsoever. Plaintiff's reliance upon Section 1719, the jurisdictional provision of the Act, as a basis for enforcing the right to void a land sales contract is untenable. The clear import of the Act is that all rights created thereunder are enforceable by the purchaser under Section 1709.[3]

■ We find and conclude that this action to rescind a land sales contract is governed by the two year limitation provision of Section 1711 for actions brought under Section 1709(b)(1) of the Act. The complaint shows on its face that the contract was entered into, and the deed delivered, more than two years prior to the filing of this case. Therefore, we find and conclude that plaintiff's action is barred by the applicable statute of limitations.

Accordingly, and for the reasons stated, it is

Ordered that defendant's motion to dismiss, construed as a motion for judgment on the pleadings, should be and the same is hereby granted.

---

3. Plaintiff's suggestion that this action is for declaratory relief is refuted by the complaint itself which seeks to compel defendant to return the full amount paid under the contract "together with any taxes that plaintiff may have paid on said property, as provided in Section 1404 [15 U.S.C. § 1703] of said Interstate Land Sales Act." Furthermore, jurisdiction under the Declaratory Judgment Act is not alleged.