John P. McCAFFREY, Plaintiff-Appellant,

v.

DIVERSIFIED LAND CO., INC., a California Corporation, Eugene F. Girard, an Individual, Julius B. Girard, an Individual, Milton Fruchtgarten, an Individual, and John A. Dawdy, an Individual, Defendants-Appellees.

No. 76–1722.

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1977.

*Mendenhall v. Currier*, No. 74–1467 (filed August 7, 1975).

J. Grannis Monkman, Los Angeles, Cal., for plaintiff-appellant.

Mitchell N. Reinis, of Katz, Hoyt & Bell, Los Angeles, Cal., for defendants-appellees.

Before ELY, HUFSTEDLER and ANDERSON, Circuit Judges.

PER CURIAM.

Appellant filed suit against appellees seeking rescission of a contract for the purchase and sale of land, alleging that the sale was in violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq., in that appellees had failed to furnish a property report as required by 15 U.S.C. § 1703(a)(1).[1] Appellant elected the option to rescind as provided by 15 U.S.C. § 1703(b).[2] The district court granted appellees' summary judgment motion, holding that appellant's action for rescission was barred by the two-year statute of limitations contained in 15 U.S.C. § 1711.[3] We affirm.

In an attempt to get around the plain language of the Act, appellant argues that the applicable time limitations are provided by either the appropriate state statute (i. e., California Code of Civil Procedure § 337, four years) or the three-year "umbrella" provision of 15 U.S.C. § 1711. Basically, appellant's argument is that the right of rescission contained in § 1703(b) is a separate and distinct remedy from the damage remedy set forth in § 1709.[4] Since § 1711 is

1. 15 U.S.C. § 1703(a)(1) states:
   "(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—
   (1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser; . . ."

2. 15 U.S.C. § 1703(b) as amended states:
   "(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser. A purchaser may revoke such contract or agreement until midnight of the third business day following the consummation of the transaction, where he has received the property report less than forty-eight hours before he signed the contract or agreement, and the contract or agreement shall so provide."

3. 15 U.S.C. § 1711 states:
   "No action shall be maintained to enforce any liability created under section 1709(a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 1709(b)(1) of this title, unless brought within two years after the violation upon which it is based. In no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser."

4. 15 U.S.C. § 1709 states in pertinent part:
   "(a) Where any part of the statement of record, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein, any person acquiring a lot in the subdivision covered by such statement of record from the developer or his agent during such period the statement remained uncorrected (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue the developer.
   Suit for sale or lease in violation of section 1703 of this title or by means of property report containing untrue statement or omission to state material fact.
   (b) Any developer or agent, who sells or leases a lot in a subdivision—
   (1) in violation of section 1703 of this title or
   (2) by means of a property report which contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein, may be sued by the purchaser of such lot.
           Damages recoverable
   (c) The suit authorized under subsection (a) or (b) of this section may be to recover such damages as shall represent the difference be-

"to enforce any *liability* created under Section 1709(b)(1) . . . ." (emphasis added), appellant contends that the reference in § 1711 to § 1709(b)(1), which, in turn, specifically refers to § 1703, has application only to a remedy of damages via § 1709(c) for a violation of § 1703(a) and does not apply to the voidability option of § 1703(b). Instead, appellant urges that judicial enforcement for § 1703(b) violations is provided not by § 1709 but rather by § 1719,[5] the jurisdictional statute. The result of appellant's logic is that there is no statute of limitations for § 1703(b) contained in the Act itself, and either the appropriate state statute (Cal. C.C.P. § 337) or the three-year "umbrella" limitation in § 1711 applies.

These arguments have been rejected by every court that has considered them. *See Hester v. Hidden Valley Lakes, Inc.*, 404 F.Supp. 580 (N.D.Miss.1975); *Jacobsen v. Woodmoor Corp.*, 400 F.Supp. 1 (W.D.Mo. 1975); and *Hall v. Bryce's Mountain Resort, Inc.*, 379 F.Supp. 165 (W.D.Va.1974). This court, in *Lynn v. Biderman*, 536 F.2d 820 (9th Cir. 1970) reviewed the limitation of actions section and concluded that it "provides that an action for rescission based upon fraud or the failure of the developer to file a report must be brought within two years." 536 F.2d at 823. Although we note that this construction was not necessary to the decision in *Lynn v. Biderman, supra*, we now hold that it correctly interpreted the limitations section.

■ In our view, the language of the Act is clear and unambiguous, obviating any resort to the rules of statutory construction. *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Appellant is provided with the right of voiding his contract by § 1703(b). The remedy for the enforcement of that right is contained in § 1709. The limitations section, § 1711, specifically provides for a two-year statute of limitations "to enforce a liability created under Section 1709(b)(1) . . . ." In turn, § 1709(b)(1) specifically refers to "violation[s] of section 1703 . . . ." without differentiating between the subdivisions of § 1703. This language, in our view, has only one meaning, that the two-year statute of limitations is applicable to the enforcement of all rights created by § 1703.

Appellant's argument that the three-year "umbrella" limitation of § 1711 applies is inconsistent. Appellant cannot first argue that § 1709 and § 1711 are inapplicable to § 1703(b) and then read into § 1703(b) a flat three-year limitation as provided in the last sentence of § 1711. Likewise, appellant's argument that the state statute of limitations applies is strained and illogical, especially when the language of the Act is specific and all-inclusive. We agree with the court in *Hall v. Bryce's Mountain Resort, Inc., supra*, that "the Act appears to be a comprehensive, self-contained statute, the plain wording of which supports the conclusion that suits to rescind contracts pursuant to Sections 1703(b) and 1709(b)(1) are subject to the two-year statute of limitations contained in section 1711." 379 F.Supp. at 169.

■ Appellant also urges that the doctrine of equitable estoppel should preclude appellees from asserting the statute of limitations. It is first noted that this contention was not presented to the district court and unless necessary to prevent a manifest

tween the amount paid for the lot and the reasonable cost of any improvements thereto, and the lesser of (1) the value thereof as of the time such suit was brought, or (2) the price at which such lot shall have been disposed of in a bona fide market transaction before suit, or (3) the price at which such lot shall have been disposed of after suit in a bona fide market transaction but before judgment.

\* \* \* "

**5.** 15 U.S.C. § 1719 states in pertinent part:

"The district courts of the United States, the United States courts of any territory, and the United States District Court for the District of Columbia shall have jurisdiction of offenses and violations under this chapter and under the rules and regulations prescribed by the Secretary pursuant thereto, and concurrent with State courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter. Any such suit or action may be brought to enforce any liability or duty created by this chapter. . . . ."

miscarriage of justice, this court will not review such contentions. *Thomason v. Klinger*, 349 F.2d 940 (9th Cir. 1965). Appellant has not persuaded us that such need is present.

AFFIRMED.