James M. LAW and Susan C. Law, his wife, Plaintiffs-Appellants,

v.

ROYAL PALM BEACH COLONY, INC., Defendant-Appellee.

No. 76–4370.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1978.

Charles S. Dale, Fort Lauderdale, Fla., for plaintiffs-appellants.

Victor L. Stosik, III, Samuel R. Danziger, Miami, Fla., for defendant-appellee.

Before BROWN, Chief Judge, THORNBERRY, and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

James M. Law and Susan C. Law, his wife, purchased real estate from Royal Palm Beach Colony, Inc. (Royal Palm), in a transaction subject to the Interstate Land Sales Full Disclosure Act, 15 U.S.C.A. § 1701 *et seq.* (1974 & Cum.Supp.1978). The Laws brought this suit seeking to enforce a statutory right to rescind their purchase contract since Royal Palm had failed timely to furnish them a property report as required by the Act. The district court granted summary judgment for Royal Palm, holding that it had made a timely delivery of the property report and that the equitable doctrine of laches barred the suit by the Laws. Finding that Royal Palm did not make a timely delivery of the property report and that the doctrine of laches is inapplicable, we reverse.

The underlying purpose of the Interstate Land Sales Full Disclosure Act (the Act) is to insure that a buyer, prior to purchasing certain kinds of real estate, is informed of facts which will enable him to make an informed decision about purchasing the property. *Paquin v. Four Seasons of Tennessee, Inc.,* 519 F.2d 1105, 1109 (5th Cir. 1975). To accomplish this purpose the Act imposes certain requirements on developers who use any means or instruments of interstate commerce to sell or lease lots in a "subdivision."[1] In particular, 15 U.S.C.A. § 1703(a)(1) makes it unlawful for such a developer "to sell or lease any lot in any subdivision unless . . . a printed property report . . . is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser."[2] If the requirements of § 1703(a)(1) are not met, § 1703(b) gives the

---

1. A " 'subdivision' means any land which is divided or proposed to be divided into fifty or more lots, whether contiguous or not, for the purpose of sale or lease as part of a common promotional plan." 15 U.S.C.A. § 1701(3) (1974). The lot purchased by the Laws was in such a subdivision.

2. The property report is required to reflect information about the subdivision contained in a statement of record on file with the Secretary of Housing and Urban Development and other information deemed by the Secretary to be necessary or appropriate in the public interest or for the protection of consumers. 15 U.S.C.A. § 1707(a); *see* 24 C.F.R. §§ 1710.20, 1710.110 (1977).

purchaser a right of rescission.[3] Section 1709(b)(1) gives the purchaser the right to sue a developer who violates § 1703(a) and § 1719 gives the United States district courts jurisdiction over such suits. An action brought under § 1709(b)(1) to enforce the right created by § 1703(b) must be brought within two years after the violation occurs. 15 U.S.C.A. § 1711; *McCaffrey v. Diversified Land Co.,* 564 F.2d 1241 (9th Cir. 1977); *Jacobsen v. Woodmoor Corp.,* 400 F.Supp. 1 (W.D.Mo.1975).

The basic facts in this case are simple and undisputed. On April 20, 1974, the Laws executed an Agreement for Deed with Royal Palm to purchase property in a subdivision in Hernando County, Florida. This agreement provided that it would not become a binding contract until approved and accepted by Royal Palm. On May, 8, 1974, Royal Palm mailed a property report to the Laws under a cover letter which read in part:

> Enclosed you will find a property report which should have been signed at the time of your sale. Would you both please read it carefully, then would you both sign it and return it in the enclosed envelope.

The Laws executed a receipt on May 13, 1974, acknowledging that they had received the property report, and on May 20, 1974, Royal Palm executed the Agreement for Deed previously executed and returned by the Laws. The Laws made their first installment payment in June 1974 and continued to make payments until February 25, 1975. At that time the Laws had paid $1,172 of a $10,884.32 obligation. The Laws requested Royal Palm to rescind the Agreement for Deed on February 26, 1975. Royal Palm refused to rescind, and on October 10, 1975, the Laws instituted this suit. Based on these facts, the district court held that the Laws were not entitled to rescind their purchase contract.

■ We are unable to agree with the district court that Royal Palm made a timely delivery of the property report as required by § 1703. Section 1703(a)(1) unambiguously requires the seller to furnish a property report to the purchaser "in advance of the signing of any contract or agreement for sale or lease by the purchaser," and equally unambiguously § 1703(b) gives the purchaser the right to avoid any contract or agreement for the purchase or leasing of a lot "where the property report has not been given to the purchaser in advance or at the time of his signing." Royal Palm would have us focus on when a binding contract came into existence, in this case, May 20, 1974. The statute, however, directs us to focus on when the purchaser signed the contract, in this case, April 20, 1974. Since the Laws were not furnished with a property report in advance or at the time of their signing, the statute gives them the right to rescind this sale.

We are not persuaded by Royal Palm's argument that it substantially complied with the statute since it sent the Laws a copy of the property report before Royal Palm executed the Agreement for Deed, thus giving the Laws an opportunity to withdraw their offer to purchase before they were contractually bound. Royal Palm analogizes this scenario to the use of an indication of interest agreement.[4] In Royal Palm's characterization the Laws executed an indication of interest agreement on April 20, they were furnished a property report on May 8, and then they took a "subsequent affirmative action"—the signing of the receipt acknowledging that they had received the property report—before

---

**3.** "Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser." 15 U.S.C.A. § 1703(b).

**4.** According to Royal Palm, the Office of Interstate Land Sales Registration of the Department of Housing and Urban Development has issued an exemption advisory opinion approving the seller's obtaining an indication of interest from a purchaser before the purchaser is furnished a property report so long as the purchaser must take an affirmative action after receiving the property report in order to be bound.

they became bound. Royal Palm therefore argues that the Laws were afforded the substantive protections contemplated by the Act, and that we should conclude that the property report was effectively delivered pursuant to § 1703.

Regardless of Royal Palm's good intentions and attempts to rectify their earlier mistake, they did not do what the Act requires. We reject Royal Palm's attempt to reconstruct this transaction into one involving the use of an indication of interest agreement, and we express no opinion on when a property report would have to be in the hands of the purchaser in such a situation. On April 20, 1974, the Laws signed an agreement for the purchase and sale of a subdivision lot, not an indication of interest. They were not given a property report in advance of or at the time of their signing. The plain language of the statute gives them the right to rescind that agreement. *See Rockefeller v. High Sky, Inc.*, 394 F.Supp. 303 (E.D.Pa.1975).

We also reject Royal Palm's argument, which was accepted by the district court, that the equitable doctrine of laches bars this action. Royal Palm argues that the nine month delay between the time the Agreement for Deed became effective and the time the Laws decided to quit making payments and rescind the sale was unreasonable and resulted in prejudice to it, thus satisfying the requirements for laches. Without deciding whether laches can cut short the two year statute of limitations Congress established in 15 U.S.C.A. § 1711, *see Royal Air Properties, Inc. v. Smith*, 312 F.2d 210, 214 (9th Cir. 1962), we hold that Royal Palm has not alleged or proved the prejudice necessary to invoke the laches doctrine.

■ Laches depends on more than inexcusable delay in asserting a claim; it depends on inexcusable delay causing undue prejudice to the party against whom the claim is asserted. *See, e. g., Save Our Wetlands v. U. S. Army Corps of Engineers*, 549 F.2d 1021 (5th Cir. 1977); *Ecology Center of Louisiana, Inc. v. Coleman*, 515 F.2d 860 (5th Cir. 1975); *Watz v. Zapata Off-*

*Shore Co.*, 500 F.2d 628 (5th Cir. 1974); *Florida Power Corp. v. McNeely*, 125 So.2d 311 (Fla.Dist.Ct.App.1960). Prejudicial harm does not occur merely because one loses what he otherwise would have kept. *Esso International, Inc. v. SS Captain John*, 443 F.2d 1144 (5th Cir.—1971). He who would invoke laches must show a delay which has subjected him to a disadvantage in asserting and establishing his claimed right or defense, or other damage caused by his detrimental reliance on his adversary's conduct. *See id.; Save Our Wetlands v. U. S. Army Corps of Engineers*, 549 F.2d 1021 (5th Cir. 1977).

■ Royal Palm alleges that it would be prejudiced if the Laws were allowed to rescind for the following reasons: (a) The Agreement for Deed gave the Laws a right to rescind within 48 hours after they signed and also provided that it would not become a binding contract until signed by Royal Palm; (b) Royal Palm in good faith believed that it was not required to deliver a property report until after a sale had been comsummated; (c) Royal Palm was sensitive to the Laws' rights; (d) Royal Palm did not execute the Agreement for Deed until the property report had been delivered to the Laws; (e) the Laws signed the Agreement for Deed with knowledge that it would not beccme binding until executed by Royal Palm; (f) the court would be stating as a matter of law that the delivery requirements of § 1703 require that a prospective purchaser receive a property report at the time he signs the Agreement for Deed irrespective of the fact that the Agreement for Deed is only an offer to purchase and does not become a binding contract until the seller accepts it.

None of these reasons could support a finding that allowing the Laws to rescind their contract would result in prejudice to Royal Palm.

The district court should have granted the plaintiffs' motion for summary judgment rather than the defendant's. The Laws are entitled to rescind the purchase contract and recover the money they have paid pursuant to that contract. We reverse

the judgment of the district court and remand for further proceedings.

REVERSED AND REMANDED.