**SOUTHERN PACIFIC TRANSPORTATION CO., et al.**

v.

**The TOWN OF BALDWIN, et al.**

**Civ. A. No. 87–1078 "L".**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

July 28, 1987.

John G. Swift, Lafayette, La., for plaintiff Southern Pacific Transp. Co.

Peter S. Craig, Washington, D.C., for plaintiff Nat. R.R. Passenger Corp. (AMTRAK).

Thomas C. Senette, Franklin, La., for defendants.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling addresses both the motion to dismiss filed by defendants and the motion for summary judgment filed by plaintiffs pursuant to Fed.R.Civ.P. 56. For the reasons that follow, the motion to dismiss is denied and the motion for summary judgment is granted.

FACTS

Plaintiffs seek declaratory and injunctive relief prohibiting enforcement of § 17.22(b) of the Baldwin Code of Ordinances. Adopted December 30, 1976, § 17.22(b) establishes a maximum speed limit of 35 miles per hour for all railroad trains operating within the Baldwin city limits. Jurisdiction is predicated on diversity, 28 U.S.C. § 1332, and presence of a federal question, 28 U.S.C. § 1331.

Plaintiffs operate their trains at speeds set in accordance with the Federal Railroad Safety Act of 1970 ("the Act") and regulations adopted thereunder. This suit followed defendants' April 26, 1987 notice that plaintiffs' operation of its trains through the municipality at seventy miles per hour violated § 17.22(b). Plaintiffs contend the ordinance is preempted by the Act and U.S. Const. art. VI, cl. 2 and places an undue burden on interstate commerce in violation of the U.S. Const. art. I, § 8.

Plaintiffs were granted a temporary restraining order following the posting of bond. By consent of the parties, the court granted plaintiffs' a preliminary injunction without a hearing and assigned a preferential trial date.

Defendant's Motion to Dismiss for Failure to Join Indispensable Parties

Defendants seek dismissal based upon plaintiff's failure to join as defendants other municipalities which regulate the speed of plaintiffs' railroad operations. In the alternative, defendants contend plaintiffs should be required to join these municipalities. Defendants cite no authority in support of their motion.

Plaintiffs' opposition to dismissal correctly concludes the motion should be denied because defendants cannot demonstrate that other cities are indispensable. Plaintiffs prayer for relief is limited to Baldwin. Not only can complete relief be afforded between the present parties, but no other city has a legally protected interest in the outcome of this action. Finally, other municipalities can seek their own declaratory judgment or intervene of right. Fed.R.Civ. P. 24.

"[C]ourts in actions seeking declaratory relief should attempt to join absentees whose joinder is feasible whenever their interests may be affected by the outcome or their presence is needed to adjudicate the dispute effectively." 7 Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d*, § 1616, p. 240. Dismissal is reserved for instances when the absentees are found to be indispensable. *Id.*

The court need not indulge in a lengthy analysis. No other municipality will be directly affected by a judgment declaring § 17.22(b) of the Baldwin Town Code of Ordinances valid or invalid. Nor is the presence of any other town or city necessary to determine the matter at hand. Plaintiffs seek only to have the validity of the Baldwin ordinance addressed, none oth-

er. Other municipalities will not be directly prejudiced by a decision here nor will any present defendant be exposed to multiple or inconsistent obligations. Accordingly, the motion to dismiss and/or order joinder of other municipalities is DENIED.

Plaintiff's Motion for Summary Judgment

Plaintiffs' motion addresses the unconstitutionality of the Baldwin ordinance under the Supremacy Clause, U.S. Const., art. VI, cl. 2. For purposes of the motion, all parties stipulated to the following facts:

1) Southern Pacific Transportation Company ("SPTC") is a common rail carrier operating freight and/or passenger trains for itself and on behalf of plaintiff National Railroad Passenger Corporation ("Amtrak") within the Baldwin town limits;

2) The rail tracks within Baldwin are rated Class 5 pursuant to Federal Railroad Administration ("FRA") regulations;

3) Class 5 tracks have a maximum permissible operating speed of 80 miles per hour for freight trains and 90 miles per hour for passenger trains; and

4) Baldwin Town Code of Ordinances, § 17.22(b) makes it "unlawful for any person to operate or permit operation of a railroad train within the corporate limits at a speed in excess of 35 miles per hour."

There being no material factual dispute the motion presents a purely legal question properly addressed under Fed.R.Civ.P. 56.

Plaintiffs contend the ordinance is unconstitutional because it conflicts with the Federal Railroad Safety Act of 1970, 45 U.S.C. § 432, *et seq.* Because of this conflict, plaintiffs argue the Baldwin ordinance is preempted and must yield to federal law as mandated by the Supremacy Clause. In support of their motion, plaintiffs cite *Donelon v. New Orleans Terminal Company,* 474 F.2d 1108 (5th Cir.), *cert. den.,* 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973) and various cases from other jurisdictions, addressing federal preemption of local actions, including ordinances.

Defendants' opposition attempts to distinguish *Donelon* and the other authorities cited by plaintiffs' memorandum. Defendants contend the Baldwin ordinance falls squarely within the exceptions to national uniformity delineated by 45 U.S.C. § 434, citing three specific statutory grants of authority to municipalities by the Louisiana legislature. Defendants contend this statutory scheme distinguishes this case from others cited by plaintiff.

Defendants do not contend that the Act does not preempt the field of railroad safety. The only question is whether Congress' reservation of certain regulatory powers for the states in § 434 of the Act enables municipalities to set railroad speed limits. Section 434 provides:

> The Congress declares that laws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. A *State* may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary [of Transportation] has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement. A *State* may adopt or continue in force an additional or more stringent law, rule, regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any Federal law rule regulation, order, or standard, and when not creating an undue burden on interstate commerce. (emphasis added)

The Baldwin ordinance finds no support under the first exception. The Secretary of Transportation has enacted regulations specifically designating permissible operating speeds for various classes of track. 49 C.F.R. § 213.9. Thus, Baldwin's more stringent local ordinance cannot coexist with the federal regulations.

A determination under the second exception is essentially factual. This court need not reach the factual issues, however, unless the passage of the Baldwin ordinance is equivalent to *state action. Donelon,* 474 F.2d at 1112. On its face, the ordinance is not a "law, rule, regulation, order or standard" adopted or continued in force by a state. Defendants contend that

**604**

the Louisiana legislature delegated the authority to adopt such standards in La.Rev. Stat.Ann. §§ 33:361, 33:1361–1371 and 33:4890 (West Supp.1987).

Section 33:361 A vests municipalities "with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto." This section was amended and reenacted by Acts 1985, No. 890, § 1, though originally derived from the Lawrason Act passed by the Louisiana legislature in Acts 1898, No. 136, § 13.

Sections 33:1361 through 33:1371 provide the power and means by which municipalities may adopt a code of ordinances. These sections were amended by Acts 1972, No. 61, § 1 and Acts 1975, No. 635, § 1, but were originally derived from Acts 1926, No. 16, §§ 1–3, Acts 1942, No. 86, § 1–4, and Acts 1948, No. 363, §§ 1–3.

Section 33:4890 was added by Acts 1976, No. 365, § 1 providing "[t]he delegation of police power to all incorporated municipalities, whether pursuant to the provisions of this Chapter, or of other general or special laws, powers granted in their charters, home rule plans of government, or any other authority or grant of the police power and the concurrent exercise thereof is confirmed."

These grants of authority do not explicitly delegate authority to regulate railway safety to Louisiana cities. Defendants argue, however, that because these sections were enacted after the Federal Railroad Safety Act of 1970, they must be read to implicitly include authority to adopt ordinances under § 434's exceptions. Defendants cite no authority for this contention.

Furthermore, as the legislative history indicates, all but 33:4890 were derived from legislative acts passed as early as 1898. Section 33:4890 merely confirms the grant of police power regardless of the type of municipal organization chosen. The Town of Baldwin is not a duly delegated agency acting for the state. *See Donelon*, 474 F.2d at 1113.

Accordingly, this court finds § 17.22(b) is preempted by the Act and regulations promulgated thereunder. The ordinance is null, void and unenforceable. *See Consolidated Rail Corp. v. Dennis Smith*, 664 F.Supp. 1228 (N.D.Ind.1987); *Baltimore & Ohio Railroad v. City of Piqua, Ohio*, No. C–3–85–312 (S.D. Ohio June 30, 1986) [available on Westlaw, 1986 WL8254].

Accordingly, plaintiffs' motion for summary judgment is GRANTED. Plaintiffs are directed to promptly submit a judgment in accordance with this ruling.