**CSX TRANSPORTATION, INC., Plaintiff,**

v.

**CITY OF THORSBY, ALABAMA, Defendant.**

Civ. A. No. 89–T–1364–N.

United States District Court, M.D. Alabama, N.D.

June 11, 1990.

William A. Shashy, Montgomery, Ala., Sally J. Kircher, Jacksonville, Fla., for plaintiff.

Sterling G. Culpepper, Jr., John Bowman, Jr., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiff CSX Transportation, Inc., commonly referred to as "CSXT," claims that an ordinance passed by defendant City of Thorsby, Alabama, limiting the speed with which trains may travel through the city, is preempted by the "FRSA," the Federal Railroad Safety Act of 1970, 45 U.S.C.A. §§ 421, 431–441, 443–444. This cause is now before the court on CSXT's motion for summary judgment. Summary judgment is appropriate if "there is no genuine issue to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For the reasons set forth below, the court concludes that there are no disputed facts and that CSXT is entitled to judgment under the FRSA.

### I.

The facts in the case are neither complex nor in dispute. In 1965, in the wake of several fatal accidents at city railroad crossings, the City of Thorsby passed Ordinance 70 limiting the speed of trains traveling through the city to 30 miles an hour. The city could not then afford the costly alternative of erecting gates and flashing lights at city railroad crossings.

CSXT operates a railroad system in some 20 states and the province of Ontario, Canada. The railroad company is responsible for the trackage, roadbed and other railroad facilities in Thorsby. It has installed traffic control devices at all the railroad intersections. It operates two passenger trains and between 12 and 14 freight trains each day through Thorsby.

Because under federal law and regulations CSXT could operate its passenger trains at 60 miles an hour and its freight trains at 50 miles an hour through Thorsby, CSXT officials attempted to persuade Thorsby officials to repeal Ordinance 70. The city officials refused, and this lawsuit ensued.

### II.

In 1970, Congress enacted the FRSA in order to "promote safety in all areas of railroad operations and to reduce railroad-related accidents." 45 U.S.C.A. § 421.[1] To achieve this goal, Congress declared in the Act "that laws, rules, regulations, orders and standards relating to railroad safety shall be nationally uniform to the extent practicable." § 434. Until that time, railroads were governed by a myriad of state and local regulations.

The FRSA provides for two exceptions to its total preemptive reach. First of all, "A state may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety" until federal regulation has been adopted covering the same subject matter. § 434. Second, although there is a federal regulation addressing the subject matter, a state may still maintain an additional or more stringent regulation if the state regulation meets all of the following three circumstances:

(1) The regulation is necessary to eliminate or reduce an essentially local safety hazard;

A State may adopt or continue in force an additional or more stringent law, rule, regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any federal law, rule, regulation, order, or standard, and when not creating an undue burden on interstate commerce.

---

1. Section 434 provides in full as follows:
 The Congress declares that laws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement.

(2) It is not incompatible with any federal law or regulation; and

(3) It would not create an undue burden on interstate commerce.

§ 434.

■ The City of Thorsby does not contest that, as a general proposition, the FRSA preempts state and local railroad speed regulations. The city acknowledges that the Federal Railroad Administration has adopted regulations governing the speeds for both freight and passenger trains *See, e.g.,* 49 C.F.R. Part 213. Thorsby argues, instead, that its ordinance falls under the second exception to § 434. CSXT responds that the second exception applies to "state" regulations only, and that municipalities are without power to pass local safety regulations even under this exception. This court must agree with CSXT.[2]

Binding precedent of the former Fifth Circuit is dispositive of the issue.[3] In *Donelon v. New Orleans Terminal Co.,* 474 F.2d 1108 (5th Cir.), *cert. denied,* 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973), the appellate court confronted a similar attempt by local officials to regulate railroad safety.[4] The *Donelon* court wrote that "The Railroad Safety Act ... speaks of an exception for 'States,' and we do not have before us an attempt by the State of Loui-siana to regulate railroad safety." *Id.* at 1112. The court rejected an attempt by local parish officials to fit their challenge into the above second exception to the FRSA and held that "[local] officials are without authority under the Federal Railroad Safety Act of 1970 to require the Railroad to meet any safety standard beyond those provided for in the national Act." *Id.* at 1113.[5]

The City of Thorsby attempts to circumvent *Donelon* with the argument that the State of Alabama has delegated to local municipalities the authority to prescribe regulations for trains traveling through local towns. *See* 1975 Code of Alabama §§ 11–43–61, 11–47–114.[6] Thorsby argues that it enacted its train speed regulation on behalf of the state. Thorsby's argument does not wash. The ordinance being challenge here was passed by the City of Thorsby and not by the State of Alabama. It is thus a city ordinance and not a state law or regulation which is at issue. The fact that the city may have acted on delegated authority does not detract from the this dispositive fact.

■ Moreover, the City of Thorsby's argument simply cannot be reconciled with *Donelon.* Because local governments are creatures of the state in which they are

---

2. The court, therefore, need not decide whether the three-part test of the second exception has been met.

3. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4. The procedural history in *Donelon* is quite complex. However, the case boils down to a local government's challenge to the Federal Railroad Administration's exclusive jurisdiction to regulate railroad safety.

5. Other courts which have considered the issue have agreed that the second exception to preemption by the FRSA applies to actions taken by states and not municipalities. *See, e.g., City of Covington v. Chesapeake & Ohio Railway Co.,* 708 F.Supp. 806 (E.D.Ky.1989); *CSX Transportation, Inc. v. City of Tullahoma,* 705 F.Supp. 385 (E.D.Tenn.1988); *Southern Pacific Trans.*

*Co. v. City of Baldwin,* 685 F.Supp. 601 (W.D.La. 1987); *Consolidated Rail Corp. v. Smith,* 664 F.Supp. 1228 (N.D.Ind.1987); *Johnson v. Southern R.R. Co.,* 654 F.Supp. 121 (W.D.N.C.1987); *Sisk v. National R.R. Passenger Corp.,* 647 F.Supp. 861 (D.C.Kan.1986).

6. Section 11–43–61 provides:
 The council may prescribe reasonable regulations for the running of cars, trains and locomotives on, over, upon or across the streets, avenues, alleys or public places of the city or town. The council may prescribe appliances on grade crossings for the safety of the public and regulate and control the switching of cars on crossings or highways of the municipality.
 And § 11–47–114 provides:
 All towns or cities shall have the power to regulate the running of railroad trains or engines or automobiles within the corporate boundaries, and to prohibit the standing thereof on or across the streets or highways within the corporate boundaries.

located, all the authority they exercise is derivative of state authority.[7] Under Thorsby's argument, therefore, *Donelon's* holding that the law or rule must be a state one would be hollow, because conceivably all ordinances passed by a municipality would be state laws.[8]

### III.

 Finally, the City of Thorsby contends that CSXT's challenge should be barred by the doctrine of laches. Laches is an equitable doctrine committed to the sound discretion of the trial court. *Environmental Defense Fund v. Alexander,* 614 F.2d 474, 477–78 (5th Cir.), *cert. denied,* 449 U.S. 919, 101 S.Ct. 316, 66 L.Ed.2d 146 (1980). Mere neglect in challenging an action is insufficient to invoke laches as a bar to litigation. *Id.* at 479. To invoke the doctrine, a "defendant must show: (1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Id.* at 478. *See also Citibank, N.A. v. Citibanc Group, Inc.,* 724 F.2d 1540, 1546 (11th Cir.1984). A classical showing of undue prejudice would be that the delay "has subjected [the defendant] to a disadvantage in asserting and establishing his claimed right or defense." *Law v. Royal Palm Beach Colony, Inc.,* 578 F.2d 98, 101 (5th Cir.1978). Although the City of Thorsby has shown a significant delay in CSXT's assertion of a claim against its ordinance, the city has failed to show how it has been prejudiced by the late attack.[9] The city's defense of laches has no merit.

### IV.

In finding that the City of Thorsby's ordinance is preempted by the FRSA, this court does not intend to imply that it is insensitive to the safety concerns of the citizens of Thorsby. The United States Congress has made clear, however, that railroad safety is a national, and in some instances a state, issue and that local governments no longer have the authority to regulate in this area. The relief the city seeks must therefore be sought at the state or national level.

An appropriate judgment will be entered.

### JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That plaintiff CSX Transportation, Inc.'s motion for summary judgment, filed February 5, 1990, be and it is hereby granted;

(2) That judgment be and it is hereby entered in favor of plaintiff CSX Transportation, Inc. and against defendant City of Thorsby, Alabama; and

(3) That defendant City of Thorsby's Ordinance 70 be and it is hereby DECLARED to be void because it violates the Federal Railroad Safety Act of 1970, 45 U.S.C.A. §§ 421, 431–441, 443–444.

It is further ORDERED that costs be and they are hereby taxed against the de-

---

**7.** Thorsby is not arguing that the State of Alabama enacted §§ 11–43–61 and 11–47–114 for the specific purpose of allowing local governments to pass ordinances which meet the requirements of the FRSA. The city concedes that the two state statutes predated the FRSA.

**8.** Other courts have rejected similar arguments. *See, e.g., City of Covington v. Chesapeake & Ohio Railway Co.,* 708 F.Supp. 806, 808–09 (E.D.Ky. 1989); *Southern Pacific Trans. Co. v. City of Baldwin,* 685 F.Supp. 601, 603–04 (W.D.La. 1987); *Consolidated Rail Corp. v. Smith,* 664 F.Supp. 1228, 1237–38 (N.D.Ind.1987); *Sisk v. National R.R. Passenger Corp.,* 647 F.Supp. 861, 865 (D.C.Kan.1986).

**9.** In addition to its more orthodox assertion of the doctrine of laches, the city asks the court to apply the doctrine temporarily, until new safety measures can be adopted, should the court find Ordinance 70 preempted by the FRSA. In other words, the city seeks a temporary order to maintain an invalid ordinance. Even if the court could provide such relief here, it would not. The city has failed to submit to court a plan as to when and how it proposes to adopt new safety measures. The court could not allow the invalid ordinance to continue in operation indefinitely.

fendant City of Thorsby, for which execution may issue.