Dear Mr. Doughty:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Richland Parish Police Jury in regard to authority to regulate the speed of trains traveling through the Parish, and blockage of roads. The Police Jury asks whether they have the authority to set the rate of speed of trains traveling through the parish, and whether any time limits may be imposed upon railroads for blocking roads and access.
We find R.S. 48:389 pertinent to your inquiry wherein it is provided that in accordance with the Federal Railroad Safety Act,45 U.S.C. § 421 et seq, specifically Section 434, the Department of Transportation and Development is authorized to establish speed restrictions for railroad traffic on a segment of railroad tracks within the corporate limits of a municipality when the speed restriction is necessary to affect a local safety hazard. It is required the governing body of the municipality submit to the Department a written request setting forth "the unique characteristics of the essentially local safety hazard that is sought to be eliminated or reduced by the imposition of a local speed regulation." Notification to the railroad is required followed by a fact finding hearing. Within thirty days of the hearing the Department must publish its report and identify the characteristic of the hazard sought to be controlled, and if the Department determines the need for the speed restriction, it shall adopt such a rule.
We feel it should be noted that the Federal Railroad Safety Act,45 U.S.C. § 421 et seq, was repealed and is now set forth in Title 49, Transportation, Section 20101 et seq, and 45 U.S.C. § 434 referred to in R.S. 48:389 is now 49 U.S.C. § 20106, National Uniformity of Regulation, and provides in part that a State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when the law, regulation, or order is necessary to eliminate or reduce an essentially local safety hazard, is not incompatible with a law of the United States Government and, does not unreasonably burden interstate commerce.
In response to your inquiry we find it significant that R.S.48:389 is in reference to written requests to the Dept. of Transportation by a municipality and not the parish governing authority. Also, the decision in Southern Pacific Transp.Co. v. Town of Baldwin, 685 F. Supp. 601 W.D.La 1987) is pertinent wherein the court found there was no delegation to towns of the state's authority to request railroad safety, and accordingly, the ruling is from the State Department of Transportation for the speed regulation.
Relative to this in Atty. Gen. Op. No. 80-1432 this office recognized that the police jury has only those powers conferred by R.S. 33:1236 and the constitution unless governed by a home rule charter which generally gives a parish other powers. With this concept in mind and after reviewing the various powers of the police jury, nothing was found that would give Police Juries the right to establish speed limits for trains.
We find no amendment to R.S. 33:1236 that would change the conclusion of this Opinion. While the parish governing authorities are given authority to regulate traffic, which includes the right to establish speed limits and speed zones "on all public roads outside of incorporated municipalities and within recognized subdivisions other than state constructed and maintained streets and highways", we feel that this does not extend to regulation of speed limits on railroads.
This conclusion is supported by the decision of SouthernPacific v. St. Charles Parish, 569 F. Supp. 1174
(E.D.La. 1983), wherein the court found with speed restrictions on trains "its effect on interstate commerce is unconstitutionally burdensome in violation of the commerce clause."
However, in City of Lake Charles v. Southern Pacific Transp.Co., 310 So.2d 116 (La.App 1975) the court upheld the City ordinance prohibiting railroads from blocking streets for more than five minutes. It was calculated a train with 171 cars that averaged fifty feet each was 8,550 feet long and a train this long would completely travel over any crossing within the five minute period at 20 miles per hour. Following this calculation, it was concluded it was not shown by defendants that the impact on interstate commerce to be such that would materially restrict the free flow of said commerce across state lines and "the ordinance herein is valid as a legitimate exercise of the city's police power."
While the request to restrict the speed of trains may be presented to the Department of Transportation and Development by a municipality as a safety request, we do not find restricting the time a railroad may block road access is a safety feature except insofar as it may be indirectly relative to preventing obstruction of emergency traffic, but is basically a regulation of traffic on public roads which is within the authority of both municipalities and parishes. Moreover, as shown above the court has found under certain circumstances this is not an interference with interstate commerce, and we do not find it is in conflict with the authority of the Secretary of Transportation under49 U.S.C. § 20103 which is to prescribe regulations for railroad safety.
Therefore, we would conclude the Parish Police Jury would have authority to pass an ordinance restricting obstruction of roads by railroads as long as it does not constitute an inference with commerce. That is a factual question we cannot answer.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ____________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
BBR