701 So.2d 888 (1997)
Lee Su Wen NI, Appellant,
v.
DELTONA CORPORATION, etc., et al., Appellees.
No. 96-1968.
District Court of Appeal of Florida, Fifth District.
August 22, 1997.
Rehearing Denied November 25, 1997.
Richard Bennett and Lisa Bennett, Coral Gables, for Appellant.
James P. Paul and Randolph J. Liebler, of Haley, Sinagra & Perez, Miami, for Appellee.
PETERSON, Judge.
Lee Su Wen Ni appeals a final order that dismissed with prejudice her attempted class action suit because it was barred by a three year statute of repose found in the Interstate Land Sales Full Disclosure Act ("the Land Sales Act").[1] We reverse.
Ni attempted to bring a class action suit against appellee, Deltona Corporation, and alleged that in 1989, she entered into two contracts for the purchase of lots located in a Deltona subdivision and also acquired by assignment a contract for another lot in that subdivision. Her complaint alleged that Deltona failed to refund any portion of the principal payments made by Ni and had retained both title to the lots and the approximately $51,057 in payments made by Ni, despite a provision in her contracts calling for a limited refund to a defaulting buyer. She alleged that her case qualifies as a class action suit because of the existence of many similarly situated plaintiffs, who like herself, had their contracts breached when Deltona failed to provide the defaulting party with the refunds specified in their contracts. Deltona, in moving to dismiss Ni's complaint, alleged that Ni's claim was barred by the three year statute of limitations found in the Land Sales *889 Act, 15 U.S.C. § 1711. In support of its position, Deltona relied on Orpheus Investments, S.A. v. Ryegon Investments, Inc., 447 So.2d 257 (Fla. 3d DCA 1983) and ITT Community Development Corp. v. Yuzon,[2] Case No. 93-695-CA, Circuit Court of Flagler County. The trial court agreed with Deltona's argument and dismissed the complaint.
We find the trial court erred in relying on Orpheus as authority for dismissing Ni's complaint. In Orpheus, the cause of action brought, rescission of the contract in question, was founded upon a congressionally created right set forth in the Land Sales Act. Consequently, the federal statute of limitations and the federal rules of tolling governed whether that suit was timely brought. In the instant case, the federal limitation period is inapplicable because Ni, in her attempted enforcement of her contracts with Deltona, is not relying on a federally created right, but rather, is relying on breach of contract remedies provided for in Florida law.
The Land Sales Act provides at 15 U.S.C. § 1703(d)
Any contract or agreement which is for the sale or lease of a lot not exempt under section 1702 of this Title and which does not provide
* * * * * *
(3) that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchase or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract on agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement,
may be revoked at the option of the purchaser or lessee for two years[3] from the date of the signing of such contract or agreement.
Deltona's contracts with Ni included the above described refund provision for certain payments made in excess of 15% of the purchase price. By including the refund provision, the federal remedy of rescission of the contract within two years of signing it does not apply. The remedies which Ni seeks to obtain, declaratory relief and enforcement of the refund provision contained in her contract with Deltona, are governed by Florida contract law. Accordingly, the trial court improperly dismissed Ni's complaints as being barred by the federal limitation period.[4]
REVERSED and REMANDED.
GRIFFIN, C.J., and GOSHORN, J., concur.
NOTES
[1] 15 U.S.C. §§ 1701-1720.
[2] While we affirmed the trial court in Yuzon, our per curiam affirmance without opinion cannot be relied on as precedent.
[3] The Land Sales Act, at one point, had a two year statute of limitations rather than a three year one. McCaffrey v. Diversified Land Co., 564 F.2d 1241 (C.A.Cal.1977). The current three year limitation period of 15 U.S.C. § 1711 is rather incongruous with the right to revoke within two years under 15 U.S.C. § 1703(d).
[4] This reversal is made only on the issue of the applicability of the limitations period set forth in the Land Sales Act and is not to be construed as approving or disapproving class certification.