PER CURIAM.
Appellee, Baruch Schaked, filed a complaint against appellant, Ernesto Battaglia, for damages resulting from a plane crash in which Battaglia was the pilot. Battaglia made an offer of judgment for the policy limits under his insurance coverage for $15,000. More than two months after the offer expired, Battaglia filed a counterclaim against Schaked. After a jury trial, a verdict was entered finding neither party liable. The verdict was affirmed by this court in Schaked v. Battaglia, 701 So.2d 888 (Fla. 4th DCA 1997).
Shortly thereafter, a hearing on Battag-lia’s motion for fees was conducted. The trial court found that Battaglia’s offer was ambiguous, particularly because it did not specifically address his counterclaim. The trial court did not make any finding of bad faith. In addition, the court found that neither party was the prevailing party because Schaked did not prevail on the complaint and Battaglia did not prevail on his counterclaim. Battaglia’s motion for fees and costs were denied.
In MGR Equipment Corp., Inc. v. Wilson Ice Enterprises, Inc., 731 So.2d 1262 (Fla. 1999), our supreme court held that an offer of judgment survives for purposes of awarding attorney’s fees even in the absence of the mention of a counterclaim. In light of this decision and Schaked’s concession of error, we reverse.
In the absence of any evidence of bad faith, we remand to the trial court with instructions to determine an award of fees and costs in favor of Battaglia.
FARMER, STEVENSON and HAZOURI, JJ., concur.