**John D. ROCKEFELLER and Barbara Rockefeller**

**v.**

**HIGH SKY, INC.**

**Civ. A. No. 74-2878.**

United States District Court,
E. D. Pennsylvania.

May 20, 1975.

---

Leroy G. Adams, Lipkin, Stutzman, Marshall & Bohorad, Pottsville, Pa., for plaintiffs.

Sidney Bernstein, Bernstein, Schlessinger & Fox, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Plaintiffs have moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

In their complaint, and in the affidavit filed in support of the motion for summary judgment, plaintiffs state that they entered into an agreement on August 5, 1972, to purchase from defendant a lot in a subdivision; that the subdivision is subject to the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq.; that before the agreement was signed, defendant had failed to file a statement of record with the Office of Interstate Land Sales Registration, and had failed to furnish to plaintiffs a copy of the printed property report, both of which were required by the Act; that upon being informed of said omissions by defendant, plaintiffs promptly gave notice to defendant of their election to rescind the agreement, as authorized by the Act, and demanded the return of the amounts paid by them for the purchase ($5,300.46).

Defendant's answer admitted that the agreement was entered into; that the lot was in a subdivision subject to the Act; that no statement of record had been filed and that no printed property report had been furnished to plaintiffs; that plaintiffs had demanded return of the purchase money and that defendant had refused payment. Defendant nevertheless asserts that summary judgment is inappropriate because there are genuine issues of fact for trial. Defendant's assertion is based upon its contention that it has substantially complied with the requirements of the Act by verbally giving to plaintiffs substantially all of the information which would have been provided in the printed property report. An affidavit by defendant's president recites several visits by plaintiffs to the site, the discussions between the parties and the information made available to plaintiffs by the affiant. The affidavit goes on to recount defendant's difficulties with the Office of Interstate Land Registration in its efforts to obtain an exemption, and thereafter with respect to the furnishing of information required for compliance with the Act.

In my view nothing in defendant's answer or in its affidavit presents genuine issues of material fact for trial and the matter may properly be disposed of on this motion for summary judgment.

The Act was obviously designed for the protection of the consumer. It is clear and explicit. It sets forth a number of conditions which must be met before developers or agents may make sales of lots in covered subdivisions. Among the conditions is the requirement to register the subdivision with the Secretary of Housing and Urban Development and to file a statement of record to be made available to the public. The information to be contained in the statement of record includes, *inter alia,* the names and addresses of those having an

interest in the project; information concerning title, encumbrances, deed restrictions and covenants; range of prices and terms and conditions; conditions of access to the lots and availability of facilities; copies of corporate, trust, partnership or other papers relating to the developer; copies of deeds, forms of conveyance, financial statements, etc.

The Act also requires that a property report, containing so much of the information contained in the statement of record, and such other information as the Secretary may, by rules and regulations, require, must be furnished to buyers before an agreement is signed. The sanction for failure to comply is contained in Section 1703, which provides, in pertinent part:

"§ 1703.  Prohibitions relating to sale or lease of lots in subdivisions; voidability of contracts or agreements

(a) It shall be unlawful for any developer or agent

. . . . . .

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser;

. . . . . .

(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser.  A purchaser may revoke such contract or agreement within forty-eight hours, where he has received the property report less than forty-eight hours before he signed the contract or agreement, and the contract or agreement shall so provide,

except that the contract or agreement may stipulate that the foregoing revocation authority shall not apply in the case of a purchaser who (1) has received the property report and inspected the lot to be purchased or leased in advance of signing the contract or agreement, and (2) acknowledges by his signature that he has made such inspection and has read and understood such report."

■ In this case, the statement of record had not been filed and the property report had not been furnished to plaintiffs at the time they signed the agreement.  Accordingly, they were entitled to void the agreement at their option.  They exercised that option, and defendant has not questioned the time or the manner in which they did so.  The only basis upon which defendant resists the entry of summary judgment is that it has substantially complied with the Act by giving plaintiffs all, or substantially all, the information which the property report would have given them.  Defendant asserts, therefore, that it should be given the opportunity to show that plaintiffs are sophisticated business people to whom defendant furnished the necessary information, and who personally visited and inspected the site.

What defendant seeks an opportunity to prove is irrelevant.  The short answer to defendant's contention is that had Congress intended to provide developers with an alternative means of furnishing information to purchasers, it could have said so very plainly and simply.  Instead, Congress clearly and explicitly made the purchaser's right to rescind depend only on the failure to file the statement of record and the failure to furnish the printed property report at or before the time of the signing of the agreement.  Indeed, Congress provided that the property report had to be furnished at least forty-eight hours in advance of the signing, and that the forty-eight hour provision could be waived only if the agreement specifically so stipulates and then only if the purchaser acknowledged by

his signature that he had received, read and understood the report and inspected the property before signing the agreement. 15 U.S.C. § 1703(b).

 Defendant's recitation of its difficulties with the Office of Interstate Land Registration raises no issues for trial in these proceedings. Whatever complaints defendant has in that regard are not properly addressed to this Court. Section 1710 of the Act gives to the Courts of Appeals jurisdiction to review orders of the Secretary. This Court's jurisdiction is spelled out in § 1719 and is limited to suits to enforce duties or liabilities created by the Act. This suit, for return of the purchase money after exercise of the purchasers' option to rescind the agreement of purchase, is properly in this Court, and so limited, there are no genuine issues for trial.

What this case boils down to is this: Defendant failed to do what it was required to do under the Act. Plaintiffs did what they were required to do. Plaintiffs are entitled to summary judgment and an order granting it will be entered.