COMMODORE PROPERTIES,
INC., Plaintiff,

v.

Carla HILLS, Individually and in her capacity as Secretary of Department of Housing and Urban Development, and Alan J. Kappeler, Individually and as Acting Interstate Lands Sales Administrator of the Department of Housing and Urban Development, Defendants.

No. Civ. 76–0–216.

United States District Court,
D. Nebraska.

Aug. 26, 1976.

Frederick S. Cassman, Omaha, Neb., for plaintiff.

Daniel E. Wherry, U. S. Atty., Robert F. Kokrda, Asst. U. S. Atty., Omaha, Neb., Peter S. Race, Atty., HUD, Washington, D. C., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

In 1970, Commodore Properties, Inc. (hereafter Commodore) established a real estate subdivision known as Casa Campana in Glendale, Arizona. Ninety-five lots in Casa Campana have been sold to various individuals since 1971. In 1975 the Secretary of the Department of Housing and Urban Development (HUD) through the Office of Interstate Land Sales Registration (OILSR) began investigation of Casa Campana, discovered that the developer had not filed a statement of record, denied Commodore's subsequent application for regulatory exemption, and proposed to contact the purchasers of lots in Casa Campana to outline their rights under the Interstate Land Sales Full Disclosure Act (Land Sales Act or Act) which OILSR claims may have been violated by Commodore. Commodore then brought this action seeking declaratory and injunctive relief. On July 28, 1976, this Court entered an order denying the relief requested. This memorandum decision outlines the findings of fact and conclusions of law upon which that order is based in accordance with Fed.R.Civ.P. 52(a) and 65.

Commodore, a Delaware corporation whose principal place of business is located in Omaha, Nebraska, is a wholly owned subsidiary of Commodore Corporation, a manufacturer of mobile and modular housing now in Chapter XI bankruptcy. Casa Campana was developed to promote the

sales of Commodore Corporation's housing in Arizona by encouraging purchasers to acquire a modular home located on a lot in an established retirement community. This promotional program revolved around a sales office located at Casa Campana to which prospective purchasers were enticed by signs, advertisements in newspapers, on radio and television and in the yellow pages of the Phoenix telephone directory. No evidence was presented to indicate the use of mass mailings or phone solicitation of prospective purchasers.

Of the ninety-five lots which have been sold at Casa Campana, only one-third were sold with modular housing in place. Approximately ten per cent of the purchasers had previous addresses outside the state of Arizona. Sales were made through an Arizona real estate agent and were closed in the offices of a trustee acting on behalf of Commodore in Phoenix. The sales contracts and purchase money were then forwarded to Commodore in Omaha by United States mail.

Commodore now seeks declaratory judgment that its actions in offering for sale and selling lots at Casa Campana as described were not subject to the Land Sales Act, 15 U.S.C. § 1701, *et seq.* Commodore does not deny that these sales were made without filing a statement of record and without distributing a printed property report as required by the Act.

On March 31, 1975, Commodore filed with OILSR a claim for administrative exemption from the filing requirements of the Act. On April 26, 1975, this application was denied. This determination by HUD is not subject to review by this Court as 15 U.S.C. § 1710 directs that appeals from an order or determination of the Secretary are to be addressed to the Circuit Court of Appeals. *Rockefeller v. High Sky, Inc.*, 394 F.Supp. 303 (E.D.Pa.1975). Rather Commodore would have this Court find that its actions are not subject to the provisions of the Act as it does not make use of any means of communication in interstate commerce or of the mails in selling the lots within Casa

Campana and that as a result, enforcement of the Act is not warranted.

The Act, adopted as Title XIV of the Housing and Urban Development Act of 1968, Pub.L. 90–448

> requires developers and promoters selling or leasing 50 or more unimproved lots pursuant to a common promotional plan to file a registration statement, called a "statement of record," with the Secretary of Housing and Urban Development. The statement of record must disclose all material and legal information relating to the property. The purpose of full disclosure is to deter or prohibit the sale of land by use of the mails or other channels of interstate commerce through misrepresentation of material facts relating to the property. A property report, which would include part of the statement of record, must be submitted to the purchaser who may revoke the contract if it is not submitted. . . .

Legislative History of Public Law 90–448, 1968 U.S.Code Cong. & Admin.News. p. 3066.

The Act provides for specific exemptions and authorizes the Secretary to administratively exempt subdivisions from the registration requirements of the Act when it is in the public interest to do so. Civil liabilities and criminal penalties for noncompliance are set out as is the jurisdiction of the Courts to review determinations of the Secretary and to enforce duties and liabilities under the Act.

The Act contains broad jurisdictional language paralleling the Securities Act of 1933. *See Flint Ridge Development Co. v. Scenic Rivers Assoc.*, —— U.S. ——, 96 S.Ct. 2430, 49 L.Ed.2d 205 (1976). The Act provides in part:

> It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails (1) to sell or lease any lot in any subdivision [absent compliance with the requirements regarding filing of a statement of record and

providing printed property reports to purchasers].

15 U.S.C. § 1703(a).

Commodore argues that the primarily local nature of its sales program in Arizona, the absence of solicitation or consummation of sales outside Arizona, and the fact that a large majority of purchasers were Arizona residents are indicators that its subdivision is not subject to the provisions of the Land Sales Act or to the jurisdiction of the defendant Agency under the Act.

Commodore has used the mails to facilitate its Arizona business including transferring completed sales contracts and purchase money to its own home offices. Commodore has placed newspaper advertisements in the Arizona Republic and Phoenix Gazette which is circulated throughout the country, advertisements in the Phoenix telephone directory indicating use of the telephone system in the conduct of its business, and advertisements in the broadcast media. Defendants argue persuasively that these activities are sufficient to bring the plaintiff within the jurisdiction of the Land Sales Act as the activities constitute the use of means of communication in interstate commerce.

In construing the language of the Securities Act of 1933 which prohibits the use of means of transportation or communication in interstate commerce or the mails to sell unregistered stock offerings, the Courts have held that a showing of minimal use of such means of communication is sufficient to subject the vendor to federal jurisdiction under the Securities Act. *Creswell-Keith, Inc. v. Willingham*, 264 F.2d 76 (8th Cir. 1959) (consideration for interest in oil and gas lease passed through the mail); *Greater Iowa Corporation v. McLendon*, 378 F.2d 783 (8th Cir. 1967) (solicitation by mail and telephone sufficient for federal jurisdiction to attach). A similar construction has been given to the Land Sales Act in *Coors Park, Inc. v. United States* (10th Cir. 1976) (No. 75-1695, June 23, 1976), wherein it was held that newspaper and radio advertising and the mailing of brochures to prospective purchasers constituted "sufficient basis in fact . . . to bring the matter within the language of the Land Sales Act, 15 U.S.C. § 1703(a)(1)."

On the basis of the demonstrated use of the mail and instruments of interstate commerce, and in the absence of any showing that such use is insufficient to subject the plaintiff to the Land Sales Act, this Court concludes that the plaintiff has failed to demonstrate that it is entitled to a declaration that its activities in promoting and selling real estate in Casa Campana subdivision does not fall within the jurisdiction of the Land Sales Act and hence are not subject to regulation by the defendants. This is not to say that plaintiff necessarily falls within the scope of the Act as that is properly a question to be determined in the first instance by HUD which may be reviewed in the manner provided by the statute. *Meyers v. Bethlehem Ship Building Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1937); *Federal Power Commission v. Louisiana Power and Light Co.*, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369 (1972). It should be noted that OILSR has indicated that it is still in the investigative stages of its proceedings regarding the plaintiff. For the Court to find jurisdiction of OILSR over the plaintiff at this point would be premature.

Commodore also seeks an injunction prohibiting the defendant from contacting purchasers of the lots located in Casa Campana to inform them of their rights under the Land Sale Act in view of the possible violations by the plaintiff and also prohibiting the defendant from requiring plaintiff to comply with the registration provisions of the Land Sales Act.

In view of this Court's determination that the plaintiff has failed to demonstrate that it is not subject to the Land Sales Act, no basis exists to enjoin the defendant from requiring compliance with the Act if OILSR determines on further investigation that the plaintiff is subject to the Act.

With regard to the proposed communications with persons who have purchased lots from the plaintiff, the evidence presented does not warrant the issuance of an injunc-

tion. Questions have been raised in the mind of the Court as to the adequacy of legal remedies available to Commodore, and the severity of the injury should the injunction not issue. The plaintiff has not exhausted its administrative remedies or attempted to negotiate with the defendant the form or contents of the letters in which the rights of purchasers are made known to them. Nor has the plaintiff presented more than mere speculation as to the damage it might sustain if violations of the Land Sales Act are found, and if purchasers elect to exercise their rights to void their contracts, obtain refunds for monies paid, or sue for possible fraud, and if the Courts subsequently rule against Commodore in these civil actions wherein Commodore can raise any and all defenses available to it including jurisdiction and the statute of limitations. The Court appreciates that the plaintiff. is currently operating under a Chapter XI bankruptcy arrangement and that the possibility exists that its financial stability may be affected by assertions of these claims by third party purchasers.

The Court need not face these questions of the adequacy of legal remedies or the extent of injury to the plaintiff. Injunctive relief is being denied as the plaintiff has failed to demonstrate a substantial probability that it will prevail upon the merits. *Minnesota Bearing v. White Motor Co.*, 470 F.2d 1323 (8th Cir. 1973).

Title 15, United States Code, Section 1714(b), authorizes the Secretary of HUD to investigate possible violations of the Land Sales Act and in her discretion to publish information regarding such violations.

> Informing [plaintiff's customers] of a possible violation of the act and of the terms of the act and of the persons' rights under the act are therefore legitimate actions by the Secretary, are authorized under the act . . . .

*Lynn v. Biderman*, No. C–74–2077 (N.D. Cal.1975). *See also Tivens v. United States*, No. CV. 75–1607 (C.D.Cal.1975); *Coors Park, Inc. v. United States, supra.*

The failure to provide the required reports has already occurred, cannot now be rectified and is sufficient to give possible rise to civil liability if the plaintiff is subject to the Act. *Rockefeller v. High Sky, Inc., supra.* Defendants argue that the proposed notification letter is designed to protect purchasers who had not been afforded the protection of full disclosure as required by the Land Sales Act. Plaintiff has not demonstrated that a substantial probability exists that the purchaser's notice is unauthorized or is an abuse of the discretion of the Secretary and so ought to be restrained.

As a result of these conclusions, this Court has entered an order denying the plaintiff's application for declaratory judgment and further denying plaintiff's application for injunctive relief. This order also lifted the restriction imposed by the Court on May 28, 1976, requiring the parties to maintain the status quo pending a hearing on this matter.