774 F.2d 159
 54 USLW 2244, 12 Media L. Rep. 1189
 THE ENTERPRISE, INC., Plaintiff-Appellee,
v.
William F. BOLGER, Postmaster General; Janet D. Steiger,
Chairman Postal Rate Commission; Postal Rate
Commission; and the U.S. Postal
Service, Defendants-Appellants.
 No. 84-5704.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 7, 1985.
Decided Oct. 9, 1985.
 
 John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., William R. Sonnenburg, William Kanter (argued), Robert V. Zener, Attorney, Appellate Civil Div., Dept. of Justice, Washington, D.C., for defendants-appellants.
 Buddy D. Perry (argued), Winchester, Tenn., for plaintiff-appellee.
 Floyd Abrams, Magazine Publishers Association et al., New York City, amicus curiae.
 W. Terry MaGuire, American Newspaper Publishers Ass'n, Washington, D.C., amicus curiae.
 Robert Saltzstein, Stephen M. Feldman, Waltz & Saltzstein, Washington, D.C., amicus curiae.
 Before ENGEL, MERRITT and KENNEDY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States Postal Service appeals the judgment of the United States District Court for the Eastern District of Tennessee declaring that certain postal regulations which accord second-class mailing privileges only to newspapers with at least fifty percent paid subscribers violate the First and Fifth Amendments. On appeal, the appellants contend that the district court was without jurisdiction over the case and challenge the district court's holding that the postal regulations in question are unconstitutional.
 
 
 2
 The Enterprise, Inc. (Enterprise) publishes a weekly newspaper, The Enterprise, which is distributed by mail free of charge to approximately 16,000 homes and businesses in Franklin County, Tennessee and in portions of surrounding counties. Because regular rates for second-class mail are generally lower than those for third-class printed matter, Enterprise sought a second-class mailing permit. It was told informally by the local postmaster that applying for a second-class permit would be a waste of time because the newspaper is distributed free of charge. Under section 422.21 of the Domestic Mail Manual, which governs mail classifications and rates, a general publication must have a legitimate list of subscribers who have paid for or requested the publication in order to qualify for a second-class rate.
 
 
 3
 On December 12, 1983, Enterprise filed suit in the United States District Court for the Eastern District of Tennessee, alleging that the regulations in question violate the First Amendment and deny free newspaper publishers their rights under the equal protection guarantees implicit in the Fifth Amendment. The plaintiff also charged that the regulation violated 39 U.S.C. Sec. 3623(c)(1), which requires the establishment and maintenance of a fair and equitable classification system for all mail. Named as defendants in this suit were William F. Bolger, Postmaster General of the United States Postal Service; Janet D. Steiger, Chairman of the Postal Rate Commission; the Postal Rate Commission; and the United States Postal Service (hereinafter collectively referred to as the Postal Service).
 
 
 4
 On March 21, 1984, the district judge entered judgment in favor of the plaintiff, finding the challenged regulations unconstitutional. He held that while the regulations were "content neutral," they
 
 
 5
 might well work to stifle the dissemination, through the mails, of different points of view and opinions.... In addition, the challenged regulations do appear to create two arbitrary classifications of newspapers and accord them unequal treatment. The defendants suggest absolutely nothing to indicate that the distinction between paid and unpaid subscriptions is reasonably related to a legitimate governmental objective.
 
 
 6
 The Enterprise, Inc. v. William F. Bolger, et al., 582 F.Supp. 228, 229-30 (E.D.Tenn.1984). On May 25, 1984, the district court reaffirmed its previous decision, denying defendants' request to reconsider the earlier opinion, and entered judgment in favor of the plaintiff in the amount of $77,355.63 in excess postage. This appeal followed.
 
 
 7
 On appeal, the Postal Service contends that review of a mail rate or classification decision may be sought only in a direct appeal to a United States Court of Appeals under 39 U.S.C. Sec. 3628. It argues, therefore, that the district court was without jurisdiction to hear this case. The Postal Service also asserts that the challenged regulations are constitutional under the First Amendment.
 
 
 8
 Upon consideration, the court is of the opinion that the Postal Service is correct in its contention that review of a mail rate or classification decision such as that involved here may be sought only on review in the United States Court of Appeals and not by plenary action in the district court. 39 U.S.C. Sec. 3628.
 
 
 9
 The legislative history of the Postal Reorganization Act, 39 U.S.C. Secs. 101-5605, plainly supports this view, and the House Report on the Act further indicates a Congressional intent that even constitutional questions such as those asserted here should be raised initially at the agency level followed by review of the agency's classification decision in the courts of appeals. See H.R.Rep. No. 1104, 91st Cong., 2d Sess., reprinted in 1970 U.S.Code Cong. & Ad.News 3649, 3695 ("[J]udicial review ... is confined to constitutional, statutory and procedural questions which were raised before the [Postal] Authority"). There were no major changes in these judicial review provisions when the House bill discussed in the House Report was amended in conference and then became law. See Conf.Rep. No. 1363, 91st Cong., 2d Sess., reprinted in 1970 Code Cong. & Ad.News 3712, 3719. The specific reference to constitutional questions in the House Report shows that Congress intended even those issues to be raised before the agency. See also Reader's Digest Association v. United States Postal Service, 501 F.Supp. 126, 128-29 (D.D.C.1980), appeal dismissed as moot, Dow Jones & Co. v. United States Postal Service, 656 F.2d 786 (D.C.Cir.1981), wherein the district court in dismissing the publisher's action recognized that section 3628 "explicitly says that review of Governor's decision on rate matters lies in the Court of Appeals [and that deciding the case before it] would draw the Court into territory reserved exclusively to the Court of Appeals"; and United Parcel Service, Inc. v. United States Postal Service, 524 F.Supp. 1235 (D.Del.1981).
 
 
 10
 In so ruling, we are not unaware of the plaintiff's assertion that jurisdiction is vested in the district court by 39 U.S.C. Sec. 409, but we note that section 409 specifically exempts cases covered by section 3628 from its coverage. Plaintiff has also argued that it was not required to follow the statutory procedure because it was making a constitutional attack on the regulations. However, in Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court recognized that Congress can require that a constitutional challenge be made only under the special statutory procedure established in an act. There the court held that constitutional claims arising under the Social Security Act, like nonconstitutional claims under the Act, must be brought under the Act's jurisdictional grants. Id. at 762, 95 S.Ct. at 2465.
 
 
 11
 In ruling that the district court was without jurisdiction, we find it unnecessary to pass upon the merits of the other grounds raised as bases for reversal.
 
 
 12
 Accordingly, the judgment of the district court is VACATED and the cause REMANDED to the district court with instructions to dismiss the complaint.