**COST CONTROL MARKETING AND MANAGEMENT, INC., Plaintiff,**

v.

**Samuel R. PIERCE, Jr., Secretary of the Department of Housing and Urban Development, Defendant.**

No. Civ. 87–0587.

United States District Court, M.D. Pennsylvania.

Oct. 23, 1987.

Marshall E. Anders, Stroudsburg, Pa., for plaintiff.

Albert R. Murray, Jr., Asst. U.S. Atty., Scranton, Pa., Sarah E. Canzoneri, U.S. Dept. of Housing & Urban Development, Washington, D.C., for defendant.

1. The Office of Interstate Land Sales Registration is a division of the Department of Housing

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This is an action for a declaratory judgment brought by an alleged developer of two subdivisions seeking to determine whether the Office of Interstate Land Sales Registration [1] has jurisdiction over its business activities, pursuant to the Interstate Land Sales Act as amended and supplemented, 15 U.S.C. § 1701, et seq. Defendant, Samuel R. Pierce, Jr., Secretary of Department of Housing and Urban Development (HUD), has moved to dismiss this action asserting various grounds, *inter alia,* that Plaintiff has failed to exhaust his administrative remedies and that this court lacks jurisdiction to hear the case. Plaintiff filed a brief in opposition to the Defendant's motion to dismiss. For the reasons that follow we will grant the Defendant's motion to dismiss and order the Clerk of Courts to close this case.

### FACTS

The Plaintiff alleges in the complaint that it is presently engaged in the business of buying lots, owned by persons or other entities, and reselling them to interested purchasers through a marketing and sales effort. Plaintiff avers that it does not own two subdivisions known as A Pocono Country Place and Wallenpaupack Lake Estates, nor has it ever been involved in the development of those subdivisions. Rather, Plaintiff is constantly acquiring new lots throughout these fully completed developments and sells the lots which it owns.

Plaintiff admits that it initially filed registrations for certain of the lots which it owned with HUD, however, Plaintiff maintains that the registrations were accomplished solely in an attempt to amicably resolve certain differences between the company and HUD.

In 1986, HUD received a number of complaints from purchasers of lots at A Pocono Country Place. Among other things, purchasers complained that they had respond-

and Urban Development.

ed to newspaper advertisements offering a house/lot package at a certain price, but after they purchased lots, they were told the homes could not be built at the offered price. Because the advertisements appeared in newspapers with an interstate circulation and a number of the purchasers lived outside of Pennsylvania, HUD began an investigation since the complaints suggested that the lots were being sold in violation of the anti-fraud provision of the Land Sales Act.

HUD referred the complaints to the plaintiff and asked it to voluntarily submit additional information. Plaintiff maintains that on each of the complaints that HUD advised it of, the Plaintiff, as a matter of good faith, agreed to rescind the transaction and refund any monies paid without regard to the merits of the complaints.

In 1987, HUD began requesting that Plaintiff supply it with certain information based upon complaints that were not disclosed to the Plaintiff or its representatives. As a result, a meeting was scheduled in Washington, D.C. between the Plaintiff's representatives and HUD in order to discuss exactly what information was being sought. At the meeting, Plaintiff was served with a subpoena directing the Plaintiff to produce certain information and documentation pertaining to the Plaintiff's business activities pertaining to "A Pocono Country Place" and "Wallenpaupack Lake Estates".

At the meeting, Plaintiff informed the Defendant that it did not believe that the Defendant had any jurisdiction over the Plaintiff or its activities, since it was not a developer within the meaning of the Interstate Land Sales Full Disclosure Act. The representatives of HUD were informed that if an amicable resolution on the subpoena could not be reached, the Plaintiff intended to file suit.

Since an amicable resolution could not be reached, the Plaintiff has filed this declaratory judgment action seeking to establish that it is not a developer within the purpose and intent of the Interstate Land Sales Full Disclosure Act and, therefore, the Defendant has no jurisdiction over the Plaintiff or its business activities.

In response to the Plaintiff's action, Defendant has filed a motion to dismiss, arguing that the Plaintiff has not presented a "case or controversy" and has no threatened or actual injury upon which to base his claim. Defendant indicates it has not made a final determination regarding its jurisdiction over the Plaintiff and the Department has taken no action against the Plaintiff based on such a determination. Defendant further notes that Cost Control has never attempted to use the administrative remedies that are available to it. Consequently, Defendant maintains that the Plaintiff lacks standing to bring this suit and the fundamental principles of constitutional and administrative law dictate dismissal.

## ANALYSIS

█ The underlying purpose of the Interstate Land Sales Full Disclosure Act is to insure that a buyer, prior to purchasing certain kinds of real estate, is informed of the facts which will enable him to make an informed decision about purchasing the property; and to prohibit and punish fraud in land development enterprises. *Law v. Royal Palm Beach Colony, Inc.*, 578 F.2d 98 (11th Cir.1978); *McCown v. Heidler*, 527 F.2d 204 (10th Cir.1975).

The Interstate Land Sales Full Disclosure Act requires persons engaged in certain interstate sales or leasings of land to register the offering by filing a statement with the Department of Housing and Urban Development. 15 U.S.C. §§ 1704, 1705. Those sellers covered by the Act are also required to furnish a property report to prospective purchasers containing information as required by the Secretary of HUD. 15 U.S.C. § 1709(a). Under the Act, it is unlawful for any developer to use the mails or other instruments of interstate commerce to sell or lease any lot in any subdivision unless a statement of record is filed with the Secretary of HUD. It is also unlawful for any developer to defraud or deceive a purchaser. 15 U.S.C. § 1703(a). If a property report is not given to a buyer

before he signs an purchase agreement, the contract is avoidable at the option of the purchaser. 15 U.S.C. § 1703(b).

In addition to the right of a purchaser to sue for money damages and for specific performance, the Act also contemplates that the Secretary of Housing and Urban Development may bring an action to enjoin acts or practices which violate the Act. To that end, the Secretary may make investigations as deemed necessary to determine whether a person has violated or is about to violate the Act. *See* 15 U.S.C. §§ 1709, 1714(a), 1714(b).

With regard to those persons aggrieved by an order or determination of the Secretary, the Act sets forth the proper procedure for review of those orders and indicates the Court in which jurisdiction will lie. Title 15 U.S.C. § 1710 holds in relevant part:

Any person, aggrieved by an order or determination of the Secretary issued after a hearing, *may obtain a review of such order or determination in the Court of Appeals of the United States, within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia,* by filing in such Court within sixty (60) days after the entry of such order or determination, a written petition praying that the order or determination of the Secretary be modified or be set aside in full or in part. A copy of such petition shall be forthwith transmitted by the Clerk of the Court to the Secretary, and thereupon, the Secretary shall file in the Court the record upon which the order or determination complained of was entered, as provided in Section 2112 of Title 28. *No objection to an order or determination of the Secretary shall be considered by the Court unless such objection shall have been urged before the Secretary.*

15 U.S.C. § 1710 (emphasis added).

■ In situations, such as this, where there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies. *Louisville and Nashville R. Co. v. Donovan,* 713 F.2d 1243 (6th Cir.1983); *City of Rochester v. Bond,* 603 F.2d 927, 931 (D.C. Cir.1979). Moreover, "there is a strong presumption against the availability of simultaneous review in both the district court and the court of appeals." *Compensation Dept., etc. v. Marshall,* 667 F.2d 336, 340 (3d Cir.1981), *quoting Sun Enterprises, Ltd. v. Train,* 532 F.2d 280, 287 (2d Cir.1976).

Other courts construing the Interstate Land Sales Act have found that the jurisdiction of the United States District Court is limited solely to suits brought to enforce duties or liabilities created by the Interstate Land Sales Act, and any review of a decision by the Secretary must be obtained in the United States Courts of Appeals.[2] *See Cumberland Capital Corp. v. Harris,* 490 F.Supp. 551 (M.D.Tenn.1977), *rev'd on other grounds,* 621 F.2d 246 (6th Cir.1980); *Rockefeller v. High Sky, Inc.,* 394 F.Supp. 303, 306 (E.D.Pa.1975).

■ We agree with these cases that the jurisdiction of this Court is solely limited to suits brought to enforce duties or liabilities created by the Act. We note that there may be narrow situations where district court jurisdiction may be permitted; namely, upon a showing of patent violation of the agency authority or manifest infringement of substantial rights that are not remediable under the statutory scheme— yet this case simply does not present us with such an occurrence.

We additionally find that there has been no final decision by the agency on the question of whether it has jurisdiction in this matter. The agency has made no attempt to enforce the subpoena at this juncture nor has the Plaintiff complied with any aspect of it or attempted to modify or quash the subpoena through an administrative petition. Moreover, the Plaintiff has not sought HUD to issue an advisory opinion on the issue that is at the heart of this

---

**2.** Jurisdiction of offenses and suits under this   Act is promulgated at 15 U.S.C. § 1719.

case—whether the Plaintiff is a developer within the meaning of the Act. For the above reasons, this is not an appropriate case for judicial review since the doctrine of finality or ripeness cautions the courts from interfering with an agency's actions until they become final. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

In light of the above, we find that we are without jurisdiction to entertain the Plaintiff's current declaratory judgment action. We will, therefore, grant the Defendant's motion to dismiss and order the Clerk of Courts to close this case.

