**COST CONTROL MARKETING AND MANAGEMENT, INC., Appellant,**

v.

**Samuel R. PIERCE, Jr., Secretary of the Department of Housing and Urban Development, Appellee.**

No. 87–5820.

United States Court of Appeals, Third Circuit.

Argued April 15, 1988.

Decided May 31, 1988.

Marshall E. Anders, Randall W. Turano (argued), Rosenblum & Anders, P.C., Stroudsburg, Pa., for appellant.

James J. West, U.S. Atty., Albert R. Miller, Jr., Asst. U.S. Atty., Scranton, Pa., Sarah E. Canzoneri (argued), U.S. Dept. of Housing and Urban Development, Washington, D.C., for appellee.

Before HUTCHINSON, SCIRICA and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant, Cost Control Marketing and Management, Inc. (Cost Control), seeks our review of a district court's order dismissing a declaratory judgment action against appellee, the Secretary of Housing and Urban Development (Secretary). Since Cost Control sought to circumvent the statutory scheme of administrative review provided for in the Interstate Land Sales Full Disclosure Act (Act), 15 U.S.C.A. §§ 1701–1720 (West 1982), the district court held that it lacked subject matter jurisdiction, 687 F.Supp. 148. We have jurisdiction over this appeal from a final order of the district

court. 28 U.S.C.A. § 1291 (West Supp.1988). We agree with the district court that declaratory relief is not available in derogation of avenues for review specifically provided in the Act. Therefore, we will affirm the order of the district court dismissing the suit.

After receiving complaints in 1986 surrounding the sale of certain vacation properties located at "A Pocono Country Place," the Secretary initiated an investigation into Cost Control's marketing and sales practices.[1] The Secretary sought to determine whether Cost Control's methods violated the anti-fraud provisions of the Act. Initially, Cost Control acted voluntarily to rescind those transactions and to refund any monies to purchasers who lodged complaints with the Secretary. In 1987, the Secretary sought additional information regarding complaints that he chose not to reveal to the representatives of Cost Control. At a meeting in Washington, D.C., Cost Control's representatives were served with a subpoena *duces tecum* requiring Cost Control to supply the Secretary with documents pertaining to the company's sales activities. Cost Control's attorney informed the Housing and Urban Development officials that he did not believe that the Secretary had jurisdiction over Cost Control's practices, contending that Cost Control was not a "developer" within the meaning of the Act. *See* 15 U.S.C.A. § 1701(5). When an amicable resolution of the jurisdictional question could not be reached, Cost Control made good on its threat to bring suit, pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201–2202 (West 1982 & Supp.1988), seeking to have the district court declare that the Secretary lacked jurisdiction to pursue its investigation of Cost Control. Concluding that it lacked subject matter jurisdiction over the claim for declaratory relief, the district court dismissed the action. This appeal follows.

The Interstate Land Sales Full Disclosure Act, 15 U.S.C.A. §§ 1701–1720, as its title suggests, was enacted to insure that, prior to purchasing certain types of real estate, a buyer would be apprised of the information needed to insure an informed decision. *Law v. Royal Palm Beach Colony, Inc.*, 578 F.2d 98, 99 (5th Cir.1978). The disclosure concept of the Act is analogous to that of the Securities Act of 1933, 15 U.S.C.A. §§ 77a–77aa (West 1981 & Supp.1988). *Flint Ridge Dev. Co. v. Scenic Rivers Ass'n*, 426 U.S. 776, 778, 96 S.Ct. 2430, 2433, 49 L.Ed.2d 205 (1976). The Act requires that developers engaged in certain interstate sales or leases of property register the offering by filing with the Secretary of Housing and Urban Development a statement of record. 15 U.S.C.A. §§ 1704, 1705. Prior to the execution of a contract, the developer must furnish to the buyer/lessee a property report, which is a condensed version of the statement of record. 15 U.S.C.A. §§ 1703(a)(1), 1707.

Under the Act, the Secretary has power to investigate potential violations and to seek to enjoin acts or practices which violate the Act. 15 U.S.C.A. § 1714(a), (b). In furtherance of his investigatory function, the Secretary may "subpena [sic] witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memorandums, or other records which the Secretary deems relevant or material to [an] inquiry." 15 U.S.C.A. § 1714(c). If necessary, the Secretary may seek the aid of the district court to enforce a subpoena issued under the Act. 15 U.S.C.A. § 1714(d). Lastly, a party aggrieved by any order or determination of the Secretary after a hearing may seek review in the court of appeals. 15 U.S.C.A. § 1710(a).

■ Cost Control contends that the district court erred in dismissing its complaint seeking a declaration that the Secretary lacked jurisdiction to determine whether Cost Control's sales fall within the purview

---

**1.** Cost Control, in 1984 and 1986, voluntarily registered offerings at "A Pocono Country Place" and at "Lake Wallenpaupack Estates." The most recent registration statement indicates that Cost Control owns 616 lots at the Pocono site and 133 lots at Lake Wallenpaupack. However, Cost Control indicated to the Secretary that strict compliance with the registration requirements would no longer be possible and this dispute ensued.

of the Act. We afford "closer scrutiny" to a district court's order declining jurisdiction over a claim for declaratory relief than the usual abuse of discretion standard. *Exxon Corp. v. FTC*, 588 F.2d 895, 900 (3d Cir.1978). *See also Interdynamics, Inc. v. Wolf*, 698 F.2d 157, 167 n. 10 (3d Cir.1982). Employing this heightened scrutiny of the district court's order of dismissal, we find no error.

The company's reliance upon the Declaratory Judgment Act as a vehicle for access to judicial review in no manner lessens the necessity for an independent source of federal jurisdiction. *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 351 (3d Cir. 1986). Where Congress has provided a specific statutory administrative procedure, we are reluctant to provide an alternative judicial avenue to a party seeking review of an administrative finding or to one hoping to block an agency from exercising its power to investigate matters within its authority. In *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), the Supreme Court stated that a suit for declaratory relief will not be available to "preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review." *Id.* at 246, 73 S.Ct. at 241. *See also Katzenbach v. McClung*, 379 U.S. 294, 296, 85 S.Ct. 377, 379, 13 L.Ed.2d 290 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided"); 2 C. Koch, Jr., *Administrative Law and Practice* § 8.11 (1985) (adequate statutory procedure can be bar in declaratory judgment proceedings). Similarly, in the context of an action by a recipient of an investigative subpoena who seeks injunctive relief against the subpoena's enforcement, we have stated that such a resort to court before the agency commences proceedings to enforce its subpoena is disfavored. *Wearly v. FTC*, 616 F.2d 662, 665 (3d Cir.), *cert. denied*, 449 U.S. 822, 101 S.Ct. 81, 66 L.Ed.2d 25 (1980). *See also Compensation*

*Dep't of Dist. Five, United Mine Workers v. Marshall*, 667 F.2d 336, 340 (3d Cir.1981) (injunctive relief against Secretary of Labor improper where administrative remedies available and review provided by court of appeals).

Here, Cost Control seeks a declaration that the Secretary was without jurisdiction to determine whether the company's practices fall under the Act, *i.e.*, whether Cost Control is a "developer" as defined in 15 U.S.C.A. § 1701(5). In other words, Cost Control asked the district court to declare that the Secretary lacks jurisdiction to ascertain his jurisdiction. Contending the agency lacks such authority on this record, Cost Control says the district court should have declared the subpoena *duces tecum* invalid and unenforceable. We disagree and hold the district court properly dismissed the action for lack of subject matter jurisdiction.

As noted *supra*, the Declaratory Judgment Act may not be utilized to circumvent a statutory procedural method. In the first place, consistent with the broad investigative powers granted by the Act, the Secretary enjoys authority to investigate practices which may violate the Act. This authority includes the power to determine questions of the Act's coverage. *ICC v. Gould*, 629 F.2d 847, 850–51 (3d Cir.1980) (agencies consistently accorded broad authority, including "jurisdiction to determine jurisdiction"), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981). *See also Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 216, 66 S.Ct. 494, 509, 90 L.Ed. 614 (1946) (investigative function of Administrator under Fair Labor Standards Act must not be limited by "forecasts of the probable result of the investigation"). If the Secretary, after reasonable investigation, determines that Cost Control's practices fall within the Act, that determination of jurisdiction is properly questioned at an appropriate time by petition for review in this Court. 15 U.S.C.A. § 1710(a).[2] Absent an administrative de-

---

2. Under regulations promulgated under the Act, Cost Control could have sought an opinion on the coverage issue. *See* 24 C.F.R. § 1710.17

(1987). We express no opinion on whether such an opinion on coverage is immediately reviewable. A request for a coverage opinion would

termination on the coverage issue, there is no order properly before this Court for review. *Cf. Cumberland Capital Corp. v. Harris,* 621 F.2d 246, 248 (6th Cir.1980) (court of appeals had jurisdiction to review coverage question on appeal of district court's dismissal of declaratory judgment action where Secretary had made determination final and thus ripe for review after district court's dismissal). Declaratory relief is not available where Congress had explicitly provided a statutory review scheme.[3]

Therefore, we will affirm the order of the district court.

require the submission of data about Cost Control's activities of the same general type the subpoena seeks.

3. At oral argument, counsel for Cost Control contended that disallowing the request for declaratory relief would work a severe hardship on Cost Control by forcing the issue of the Secretary's jurisdiction to be litigated initially in a "distant" administrative forum in Washington, D.C. Cost Control seems to contend that we should consider this burden to warrant judicial review on the coverage question prior to an administrative finding or determination. *See, e.g., Wearly v. FTC,* 616 F.2d 662 (3d Cir.), *cert. denied,* 449 U.S. 822, 101 S.Ct. 81, 66 L.Ed.2d 25 (1980). We do not believe that this kind of "hardship" permits courts to interfere with the process of administrative investigation and entertain a declaratory judgment action to test the right to issue an investigative subpoena. The analysis is no different if Cost Control's argument on hardship refers to the difficulty of challenging the Secretary's lack of power to issue the subpoena in a District of Columbia District Court enforcement proceeding. Congress has made the determination that a subpoena enforcement proceeding may properly be brought where the investigation takes place or where the subject of the investigation resides. 15 U.S.C.A. § 1714(d). We see no reason to challenge this legislative determination by allowing a declaratory judgment proceeding in a forum more convenient to Cost Control. We express no opinion on whether the defense of lack of investigative jurisdiction can be raised in that action or whether it can only be raised before the Court of Appeals under 15 U.S.C.A. § 1710(a) on a petition for review brought after definitive administrative action by the Secretary.