**Billy GRAY**

v.

**Edward MADIGAN, Secretary of Agriculture, United States Department of Agriculture.**

No. 3:91–0986.

United States District Court, M.D. Tennessee, Nashville Division.

June 18, 1992.

Ben A. Burns, James Alfred DeLanis, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., G. Thomas Blankenship, J. Lee Robbins, Blankenship & Robbins, Indianapolis, Ind., for plaintiff.

Michael L. Roden, Office of U.S. Atty., Nashville, Tenn., Thomas Millet, Jennifer E. Kaplan, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Plaintiff Billy Gray, a professional trainer of Tennessee Walking Horses, brings this action under 15 U.S.C. § 1825(d)(6), 28 U.S.C. § 2201, and 28 U.S.C. § 1331, seeking a declaration from this Court that the procedures used in administrative hearings conducted pursuant to the Horse Protection Act, 15 U.S.C. §§ 1821–1831, are constitutionally deficient. Defendant has moved to dismiss this case for lack of subject matter jurisdiction, claiming (1) that Congress vested exclusive jurisdiction over such matters with the courts of appeals, 15 U.S.C. § 1825(b)(2), and (2) that plaintiff has failed to exhaust his administrative remedies. In the alternative, defendant seeks dismissal for failure to state a claim upon which relief may be granted.

## BACKGROUND

On March 5, 1990, plaintiff Billy Gray was served with an administrative complaint alleging that he violated the Horse Protection Act, 15 U.S.C. §§ 1821–1831 ("the Act"). The complaint sought the imposition of a $2000 civil penalty and an order disqualifying him from showing, exhibiting, or entering any horse or otherwise participating in such activity for a period of five years. On June 25, 1991, a hearing on the merits of the complaint was held before an Administrative Law Judge (the "ALJ"). After hearing the Department of Agriculture's ("the Department") proof, Gray moved to dismiss the complaint on constitutional grounds and for the failure of the Department to make out a prima facie case. The ALJ denied the motion and Gray asked for a recess in order to seek redress in federal district court. Although the ALJ denied this motion, a recess was granted and no further action has been taken in the case.

On December 3, 1991, Gray filed this petition for declaratory relief seeking a number of declarations from the Court.

Specifically, Gray seeks the following relief:

1. A declaration that the United States Constitution, and certain Federal Rules of Evidence and Federal Rules of Procedure shall apply and be enforced in all administrative proceedings filed under the Act in order to preserve due process.

2. A declaration that the Constitution, certain Federal Rules of Evidence and Procedure, and the decisions of courts interpreting them, shall govern all such administrative matters under the Act, including without limitation, the use of prior judgments, decrees or consent rulings against the accused, and the admission of expert testimony and other evidence.

3. A declaration of the standard of proof applicable. to hearings under the Act.

4. A declaration, as a matter of law, that the failure of an accused to testify at a hearing should not be considered by the Administrative Judge or the Judicial Officer in determining whether the accused has violated the Act, this being essential to preserve due process.

5. Defining, as a matter of law, the terms "entering" and "entry" as found in the Act and applied by the Department.

6. A declaration, as a matter of law, that there shall be no unwritten and unpublished rules, regulations, procedures, and/or policies used by the Department, its Secretary, Judicial Officer, or the Administrative Judge in administering and enforcing the Act.

7. A declaration that Administrative Judges sitting on Department cases under the Act shall be entitled and required to exercise independent judgment, and be entitled to the same freedom from political influence as any other federal judicial officer and, specifically, that no one may influence that judgment *ex parte* in any pending case by threatening their job, their compensation, their advancement, or otherwise.

8. A declaration that in order to meet its burden of proof of a violation of the Act, the Department, at the least, must make out a prima facie case of all the elements of the alleged defense. To meet the burden and convict an individual of "soring," for instance, the Department must prove "entry," "soring" as defined by the Act, and that the accused or someone at his direction caused the "soring"; and not rely solely on the presumption created in 15 U.S.C. § 1825(d)(5).

9. A declaration that the Department failed to make out a prima facie case against Mr. Gray and any other relief to which Mr. Gray may be entitled.

10. Access to discovery to the extent necessary to prove his right to relief, especially to determine the unwritten rules, policies and procedures governing his case.

The Department has responded with a motion to dismiss for lack of subject matter jurisdiction. It is asserted that the courts of appeals have exclusive jurisdiction for appeals from agency determinations and that Gray's failure to exhaust adequate administrative remedies divests this Court of federal question jurisdiction.

## DISCUSSION

Under the Act, "[t]he United States district courts ... are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of [the Act], and *shall have jurisdiction in all other kinds of cases arising under [the Act], except as provided in subsection (b) of this section.*" 15 U.S.C. § 1825(d)(6) (emphasis added). The express exception to district court jurisdiction is codified in 15 U.S.C. § 1825(b)(2). This section provides that "[a]ny person against whom a violation is found and a civil penalty assessed ... may obtain review in the court of appeals of the United States for the circuit in which such person resides or has his place of business or in the United States Court of Appeals for the District of Columbia Circuit."

The clear language of the statute places jurisdiction with the courts of appeals to review agency decisions. When Congress expresses such an intent, courts have held that jurisdiction is exclusive. "It

is a well settled principle that where Congress establishes a special statutory review procedure for administrative action, that procedure is generally the exclusive means of review for those actions." *Greater Detroit Resource Recovery Authority v. United States Environmental Protection Agency,* 916 F.2d 317, 321 (6th Cir.1990). Accord *Whitney National Bank v. Bank of New Orleans and Trust Co.,* 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965); *Compensation Department of District Five, United Mine Workers of America v. Marshall,* 667 F.2d 336, 340 (3d Cir. 1981); *City of Rochester v. Bond,* 603 F.2d 927, 931 (D.C.Cir.1979).

■ Section 1825(d)(6) expressly precludes district courts from reviewing final agency determinations. Although the statute does not state that the court of appeals jurisdiction is *exclusive* over final agency determinations, courts have routinely read such Congressional intent into similar statutes.[1] *Public Utility Commissioner of Oregon v. Bonneville Power Administration,* 767 F.2d 622, 627 (9th Cir.1985); *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 77 (D.C.Cir.1984) (hereinafter *"TRAC"*). It appears, therefore, that Congress intended the courts of appeals to pass on the merits of an individual's claims and the validity of the individual's penalty under the Act, and that this means of review is exclusive.

■ When Congress has so vested the courts of appeals with exclusive jurisdiction, parties may not circumvent this means of exclusive judicial review. Where review of agency action is committed to the court of appeals, "any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *TRAC,* 750 F.2d at 75 (emphasis in original). *Accord Public Utility Commissioner of Oregon,* 767 F.2d at 626 ("where a statute commits review of final agency action to the court

of appeals, any suit seeking relief that might affect the court's future jurisdiction is subject to its exclusive review"). *See also Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 246, 73 S.Ct. 236, 241, 97 L.Ed. 291 (1952) ("the declaratory judgment procedure ... [may not] be used as a substitute for statutory methods of review"); *Cost Control Marketing and Management v. Pierce,* 848 F.2d 47, 48 (3d Cir.1988); *Community Nutrition Institute v. Young,* 773 F.2d 1356, 1360–61 (D.C.Cir.1985); *Oil, Chemical and Atomic Workers International Union v. Zegeer,* 768 F.2d 1480, 1485 (D.C.Cir.1985); *First Commodity Corp. v. Commodity Futures Trading Commission,* 644 F.Supp. 597, 599 (D.Mass.1986); *Readers Digest Association v. United States Postal Service,* 501 F.Supp. 126, 128–29 (D.D.C.1980), *cited approvingly in The Enterprise, Inc. v. Bolger,* 774 F.2d 159, 161 (6th Cir.1985).

These cases stand for the proposition that this Court does not have jurisdiction over actions which would preempt the court of appeals' jurisdiction. In other words, if the issues raised by the plaintiff are inextricably interwoven with the issues statutorily commended to review by the court of appeals, this Court is without jurisdiction even though no final agency action has been taken. An exception to this rule exists where the plaintiff establishes that the statutorily prescribed method of review is inadequate and therefore that the failure of the district court to hear the matter would result in irreparable harm. *Nader v. Volpe,* 466 F.2d 261, 266 (D.C.Cir.1972) ("when Congress has specified a procedure for judicial review of administrative action, courts will not make nonstatutory remedies available without a showing of patent violation of agency authority or manifest infringement of substantial rights irremedial by the statutorily-prescribed method of review") (footnote omitted). *See also Louisville and Nashville Railroad Co. v. Donovan,* 713 F.2d 1243, 1247 (6th Cir.1983).

**1.** Further support for this exclusivity of jurisdiction in the courts of appeal is found in 15 U.S.C. § 1825(b)(3). In that section, the Attorney General is empowered to recover the civil penalty assessed via the district courts. However, in such proceedings before the district court, "the validity and appropriateness of the final order imposing the civil penalty shall not be subject to review."

The cases cited by plaintiff in support of this Court's jurisdiction all involve such exceptional circumstances.

In *Southern Ohio Coal Co. v. Donovan,* 774 F.2d 693 (6th Cir.1985), the court found jurisdiction in the district court despite the fact that the statute in question vested courts of appeals with the exclusive power to review administrative orders. In *Donovan,* a challenge was brought to the procedures promulgated by the Federal Mine Safety and Health Review Commission under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, *et seq.* The Act prohibits a mine operator from discharging a mine worker because the worker filed a safety complaint. If fired, a miner may file a complaint with the Commission and if the complaint is not frivolous, the Commission must order immediate reinstatement of the miner pending a final determination of the complaint. Under the Commission's regulations, no hearing was provided to the mine operator prior to the reinstatement order, although a post-reinstatement hearing was permitted. The Sixth Circuit held that the regulations violated due process since the mine operators suffered a deprivation without an opportunity to be heard until after the fact.

The *Donovan* court observed that "[q]uestions concerning the constitutionality of rules or statutes ... are not the type of questions that are within an agency's domain of expertise. Rather, responsibility to deal with questions of constitutional interpretation lies in the federal courts, both at the trial and appellate levels." *Id.* at 700. However, the court quoted *Louisville and Nashville Railroad Co.* for the proposition that nonstatutory remedies are available only upon "a showing of patent violation of agency authority or manifest infringement of substantial rights irremediable by the statutorily-prescribed method for review." *Id.* at 701. In *Donovan,* the district court found that the lack of a pre-deprivation hearing fell within the "narrow circumstances" of this exception. The Sixth Circuit agreed, finding the mine operators' challenge to be "bona fide claims against the procedure adopted by the Secretary of Labor under the Mine Act."

Plaintiff also seeks support from *McNary v. Haitian Refugee Center, Inc.,* — U.S. —, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991). In *McNary,* the Haitian Refugee Center sought to challenge certain practices and policies of the INS. The complaint alleged, inter alia, that because no verbatim recordings were made of relevant proceedings, meaningful review of application denials was inhibited. The Court, in finding that the district court properly exercised jurisdiction, emphasized two reasons why the district court could hear the case. First, the claims raised by the plaintiff were "collateral" to the substantive claims, the latter being within the exclusive jurisdiction of the courts of appeals. *Id.* at —, 111 S.Ct. at 897–98. Second, the Court found that "if not allowed to pursue their claims in the District Court, [plaintiffs] would not as a practical matter be able to obtain meaningful judicial review of their application denials or of their objections to INS procedures notwithstanding the review provisions of [the Act]." *Id.* at —, 111 S.Ct. at 898. See also *Public Utility Commissioner of Oregon,* 767 F.2d at 630 (failure of petitioner to demonstrate any irreparable injury that is not correctable on review of final agency action renders interlocutory appeal inappropriate).

In the case at hand, the plaintiff's challenges to administrative hearing procedures and rules are not wholly collateral to the substantive issues which are reserved for the courts of appeals. Moreover, unlike *McNary* and *Donovan,* any infringement of due process plaintiff alleges can be remedied through the judicial review procedures established under the Act. Plaintiff will not suffer irreparable harm if required to follow the statutorily prescribed procedures for review and therefore the Court will not permit plaintiff to circumvent the congressionally prescribed means for obtaining review under the Act.

Plaintiff's "procedural" claims are inextricably interwoven with the substantive claim that he is not guilty of soring horses. In fact, plaintiff explicitly seeks a declaration that the Department has failed to prove its case against him. The Court is

clearly without jurisdiction to pass on this claim. *McNary, supra,* at ——, 111 S.Ct. at 897–98; *Heckler v. Ringer,* 466 U.S. 602, 614, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984). The remaining challenges attack the rules of evidence and procedure used in the administrative hearings.

Although plaintiff's claims are termed "procedural," they do not rise to the level of the procedural claims asserted in *Donovan* or *McNary.* In those cases, challenges were brought against the lack of adequate procedures to safeguard an individual's rights (ie. the lack of a pre-deprivation hearing and the absence of an adequate record for appellate review). Here, plaintiff is entitled under the Act and Department regulations to a complete hearing of his claim, an appeal to the Department's Judicial Officer, and an appeal to the Sixth Circuit Court of Appeals. If found guilty of horse soring, execution of his civil penalty will be stayed until after the exhaustion of his appeal. Plaintiff only challenges the rules of court used in the administrative hearing. Whether the Department has met its burden of proof and which evidence is properly admitted and considered by the ALJ are not the type of "procedural" issues falling within the narrow exception to the statutorily prescribed method of review. The procedures used in the administrative hearing may be raised on appeal to circuit court. and plaintiff will suffer no irreparable or irremediable harm by following this review procedure. Under the stat-

ute, these claims must be addressed exclusively by the court of appeals.[2] Thus, even though no final agency determination has been made, under the doctrine of protective jurisdiction forwarded by the court in *TRAC,* and the doctrine of exhaustion, discussed *infra,* the Court must dismiss this case for lack of subject matter jurisdiction.[3]

The court in *Donovan* observed that questions of constitutional law are not within an agency's area of expertise and therefore individuals should not be required to exhaust administrative remedies before bringing a constitutional challenge to a district court. However, in this case the Department's expertise can be brought to bear on the issues raised by plaintiff. For example, plaintiff seeks a declaration defining the terms "enter" and "entering." The Department's expertise in regulating and supervising horse shows and the horse industry clearly qualifies it to define these terms, at least initially. The remaining declarations sought by plaintiff involve the adequacy of the Department's proof and the sorts of evidence and precedent which may be considered in finding an individual guilty of soring. The experience of the Department and the ALJs are relevant for these purposes as well. The Department's familiarity with the practices of horse trainers and the symptoms of soring is essential, in the first instance, in assessing the reliability and relevance of evidence and evidentiary burdens.

**2.** The Sixth Circuit, in dictum, appears to have already passed judgment on plaintiff's claims. In *Fleming v. United States Department of Agriculture,* 713 F.2d 179, 183 & n. 8 (6th Cir.1983), the Sixth Circuit, while reviewing the Horse Protection Act, observed that an attack against the "sufficiency of the rules of practice or procedural safeguards which govern proceedings before the USDA under the Horse Protection Act's regulations ... would not succeed." The court found adequate due process is provided to parties under the Act and regulations. A party responsible for a horse found to be sored may request re-examination within 24 hours of the original post-show examination. They then receive a hearing before an ALJ, "complete with adequate prior notice, the right to appear with legal counsel, present evidence, cross-examine witnesses and undertake some limited discovery." The party may then seek review of the

ALJ's decision by the USDA judicial officer, followed by judicial review in the court of appeals.

In *Fleming* itself, the Sixth Circuit considered issues similar to those raised by the current plaintiff. Thus, implicit in the court's opinion was the finding that review of such claims are properly brought before the court of appeals and that plaintiffs do not suffer irremediable harm in the process.

**3.** Plaintiff relies heavily upon this Court's unpublished decision of *Landrum v. Block,* No. 81–1035 (M.D.Tenn. June 25, 1981) (Wiseman, J.), to support jurisdiction. The precedential value of the *Landrum* decision is very low. In that opinion, the Court did not address jurisdiction. Moreover, precedent from the Supreme Court and the circuit courts since *Landrum* was decided persuades the Court that in this instance jurisdiction is lacking.

The Court is also persuaded that the requirement of the exhaustion doctrine militates against finding jurisdiction in this case. A party must exhaust administrative remedies before resorting to judicial review. *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092–93 (6th Cir.1981). There are generally two exceptions to the exhaustion requirement. First, if the agency's assertion of jurisdiction "would violate a *clear right* of a petitioner by disregarding a *specific* and *unambiguous* statutory, regulatory, or constitutional directive," *Ticor Title Insurance Co. v. F.T.C.*, 814 F.2d 731, 740 (D.C.Cir.1987) (quoting *Hunt v. Commodity Futures Trading Commission*, 591 F.2d 1234, 1236 (7th Cir.1979) (emphasis added)), a court will not require a party to exhaust administrative remedies. Second, immediate judicial review is available if postponement of that review would cause the plaintiff irreparable injury. *Id.* at 740.

In this case, plaintiff does not assert, nor could he, that the USDA has patently violated due process in its hearing procedure. As discussed above, no irreparable injury will be suffered by plaintiff in requiring him to exhaust his statutory remedies. The advantages and rationale behind the exhaustion requirement clearly tip the balance in favor of exhaustion in this case. The ALJ has not yet rendered judgment in plaintiff's case. Therefore, plaintiff may prevail in his USDA hearing, rendering resolution of this case moot. Moreover, by requiring plaintiff to exhaust his claims, the Court will avoid the possibility of unnecessary pronouncements on constitutional questions. Finally, if the Court were to allow plaintiff to seek such interlocutory review, parties would be encouraged to bypass entirely the procedures instituted by Congress, resulting in a waste of judicial resources and undermining the authority expressly given to the Department.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's claims fall within the exclusive jurisdiction of the court of appeals and that plaintiff will not be irreparably harmed if required to exhaust his administrative remedies and proceed through the statutorily prescribed method of judicial review. Therefore, the Court is lacking in subject matter jurisdiction and will grant defendant's motion to dismiss.

An Order consistent with the reasoning herein will be filed contemporaneously with this Memorandum.